STATE, Respondent, *v.* SCHNELL, Appellant.

(No. 7,822.)

(Submitted January 12, 1939. Decided February 9, 1939.)

[88 Pac. (2d) 19.]

*Mr. Frank W. Mettler,* for Appellant, submitted a brief, and argued the cause orally.

*Mr. Harrison J. Freebourn,* Attorney General, *Mr. Lee Metcalf, Assistant* Attorney General, and *Mr. F. V. Watts,* County Attorney of Musselshell County, for the State, submitted a brief; *Mr. Metcalf* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

Complaint was filed against defendant in the justice court charging him with a misdemeanor by "driving a motor vehicle while intoxicated, in that the said William Schnell did, then and there being, on the said 23rd day of December, 1935, within the county of Musselshell, and State of Montana, did then and there wilfully, wrongfully and unlawfully drive and operate a motor vehicle, to-wit: an automobile, upon the public highways and thoroughfares of the county of Musselshell and State of Montana, while he, the said William Schnell, was then and there under the influence of intoxicating liquor." He was found guilty in the justice court after trial by jury. He appealed to the district court and there met with the same fate. His mo-

582

tion for a new trial was denied and he appealed from the judgment.

The first contention of appellant is that the court erred in ▮▮ denying his motion, filed in the district court, to dismiss the complaint because the action had not been tried within six months after he appealed to the district court. This contention is based upon subdivision 2 of section 12223, Revised Codes, which provides: "The court, unless good cause to the contrary is shown, must order the prosecution to be dismissed in the following cases: * * * (2) If a defendant, whose trial has not been postponed upon his application, is not brought to trial within six months after the findings of the indictment or filing of the information."

The crime was alleged to have been committed on December 23, 1935. On December 30, 1935, defendant was tried in the justice court and found guilty. The appeal was taken on December 31. On January 13, 1937, defendant filed his motion to dismiss under section 12223, Revised Codes. The requirements of that section and of section 16 of Article III of our Constitution, giving to the accused the right of a speedy trial, were met by the trial in the justice court. On appeal to the district court the defendant does not have the benefit of section 12223. On appeal the trial is *de novo* (sec. 12339). It is to all intents and purposes a second or new trial. "Where the accused has been tried promptly and convicted, and on his own motion the conviction is set aside and a new trial ordered, he will not be entitled to a discharge under the statute because of the delay of the prosecution in trying him the second time, * * * it being held that the constitutional or statutory requirements are satisfied by a speedy first trial." (16 C. J. 445.) Cases supporting this view, under statutes practically identical with our section 12223, are the following: *State* v. *Miller,* 72 Wash. 154, 129 Pac. 1100, *People* v. *Lundin,* 120 Cal. 308, 52 Pac. 807, *Ex parte Alpine,* 203 Cal. 731, 265 Pac. 947, 58 A. L. R. 1500, and *Ferguson* v. *Bechly,* (Iowa) 277 N. W. 755.

If defendant desired a more speedy trial in the district court on appeal from the justice court, it was incumbent upon

him to apply for it. (*State* v. *Jones,* 80 Wash. 335, 141 Pac. 700; *State* v. *Parmeter,* 49 Wash. 435, 443, 95 Pac. 1012; *Davison* v. *Garfield,* 219 Iowa, 1258, 257 N. W. 432, 260 N. W. 667.)

Section 12223 applies only to crimes prosecuted by indictment or information. Criminal offenses in a justice court are prosecuted by complaint; whereas all criminal actions in the district court, except those on appeal, are prosecuted by information or indictment. (Sec. 8, Art. III, Montana Const.; secs. 11621, 11622, Rev. Codes.) Criminal actions appealed to the district court from a justice court are prosecuted by complaint, and, hence, section 12223 has no application to the trial of a criminal case appealed from a justice court.

The constitutional provision for a speedy trial is self-executing (*People* v. *Molinari,* 23 Cal. App. (2d) (Supp.) 761, 67 Pac. (2d) 767), and doubtless protects a defendant who appeals to a district court from a justice court, but before a defendant can avail himself of the constitutional guaranty he must himself make a proper demand for a more speedy trial, and cannot rest upon section 12223, which has no application to such a case.

The next contention is that the complaint is not sufficiently definite and certain. Specifically, defendant contends that it cannot be ascertained therefrom whether it is based upon section 1741.7 or section 1746.1, Revised Codes. He takes the view that it rests upon section 1741.7 and takes the penalty provided in section 1741.8; whereas the court held that it was based upon section 1746.1, and took the penalty provided for in section 1746.2.

The minimum penalty under section 1741.8 for the first offense is slightly less than that under section 1746.2. Section 1746.1 was passed in 1929. It provides: "It shall be unlawful for any person while in an intoxicated condition or under the influence of intoxicating liquor or any drug or narcotic to drive, operate or run upon or over any highway or street or public thoroughfare within the state of Montana, whether within or without a municipality, any automobile, truck, motorcycle or any other motor vehicle." Section 1741.7 is a later enactment. It was passed in 1935 as a part of Chapter 185, Laws of 1935.

That chapter provided for the creation of the highway patrol. By section 6 it classified certain offenses on the highways as menaces to the public health and safety. That section in part provides: "For the purpose of this Act, the following acts on the main or secondary highways of the state of Montana outside of incorporated cities and towns, shall be deemed and declared menaces to the public health and safety, and constitutes a crime punishable by law as hereinafter provided: * * * 11. Driving a motor or other vehicle while intoxicated."

Section 1741.7 thus applies to those who drive motor vehicles on the highways outside of incorporated cities and towns "while intoxicated," whereas section 1746.1 reaches those who drive a motor vehicle "while in an intoxicated condition or under the influence of intoxicating liquor." Courts recognize a distinction between one who is intoxicated and one who is under the influence of intoxicating liquor. (15 R. C. L. 345; *Freeburg* v. *State,* 92 Neb. 346, 138 N. W. 143, Ann. Cas. 1913E, 1101.) Keeping in mind this distinction, is section 1746.1 repealed by implication by section 1741.7? We hold that it is not. Repeals by implication are not favored. (*State ex rel. Charette* v. *District Court,* ante, p. 489, 86 Pac. (2d) 750. There is no irreconcilable conflict between the two, which is the criterion by which to determine whether there is an implied repeal. (*State ex rel. Esgar* v. *District Court,* 56 Mont. 464, 185 Pac. 157.) We hold that the two Acts must be read together. When so considered, a prosecution for driving a motor vehicle outside of incorporated cities and towns while intoxicated must be brought under section 1741.7. A prosecution for driving a motor vehicle over any highway or street within or without a municipality while under the influence of intoxicating liquor or any drug or narcotic must be based upon section 1746.1. The difference between the two offenses may be shadowy in that it is difficult to determine when the one ends and the other begins, but the legislature seems to have recognized a distinction. This is manifest from the fact that though section 1741.7 is later in point of time than

section 1746.1, yet the legislature, by Chapter 129, Laws of 1937, section 2, recognizes section 1746.1 as still existing.

What is the particular charge here? As will be noted above, the charge is that defendant committed the crime of misdemeanor, to-wit: "driving a motor vehicle while intoxicated," and then proceeded to allege specifically how, when and where the crime was committed, the essential part here being that he did so by driving a motor vehicle upon the highways while he was "under the influence of intoxicating liquor."

We have often held in civil cases that where general allegations are followed by specific averments, the issues are narrowed to those embraced within the particular allegations. (*West* v. *Wilson,* 90 Mont. 522, 4 Pac. (2d) 469; *Johnson* v. *Herring,* 89 Mont. 156, 295 Pac. 1100; *Flaherty* v. *Butte Elec. Ry. Co.,* 40 Mont. 454, 107 Pac. 416, 135 Am. St. Rep. 630.) Here the complaint was defective in that it gave the offense an erroneous name. It named the offense covered by section 1741.7. But it did not set forth facts constituting an offense under that section, but did set forth facts constituting an offense under section 1746.1, and properly took the penalty provided for in section 1746.2.

The general rule is that when the facts, acts and circumstances are set forth with sufficient certainty to constitute an offense, it is not a fatal defect that the complaint gives the offense an erroneous name. (31 C. J. 669.) The name of the crime is controlled by the specific acts charged, and an erroneous name of the charge does not vitiate the complaint. (*State* v. *Culbreath,* 71 Ark. 80, 71 S. W. 254; *Disharoon* v. *State,* 95 Ga. 351, 22 S. E. 698; *Brady* v. *Territory,* 7 Ariz. 12, 60 Pac. 698; *State* v. *Holder,* 49 Idaho, 514, 290 Pac. 387; *Hixon* v. *State,* 35 Ga. App. 392, 133 S. E. 285; *Strum* v. *State,* 168 Ark. 1012, 272 S. W. 359; *State* v. *Bendickson,* 62 N. D. 201, 242 N. W. 693; *People* v. *Eppinger,* 105 Cal. 36, 38 Pac. 538; *State* v. *Gillett,* 92 Iowa, 527, 61 N. W. 169; *State* v. *Howard,* 66 Minn. 309, 68 N. W. 1096, 61 Am. St. Rep. 403, 34 L. R. A. 178; *Luther* v. *State,* 18 Okl. Cr. Rep. 664, 197 Pac. 533.)

Here the name given to the offense in the complaint may be omitted as surplusage and the information is still sufficient under section 1746.1, because it still characterizes the offense as a misdemeanor and then proceeds to state specifically how, where and in what manner it was committed. The erroneous name of the offense will be treated as surplusage, since without it the complaint is still sufficient to charge the offense under section 1746.1. (31 C. J. 747.)

The fact that evidence was admitted tending to show that ▉ defendant was intoxicated at the time of driving the motor vehicle is no ground of complaint. That evidence was admissible as sustaining the charge that he was under the influence of intoxicating liquor at the time.

Defendant contends that it was error to instruct the jury ▉ relative to the offense of driving a motor vehicle while intoxicated. The particular instructions complained of in this respect are Instruction No. 3 of plaintiff, reading: "Any person driving, operating or running any such motor vehicle upon or over any highway, street, or public thoroughfare of the state of Montana, whether within or without a municipality, while intoxicated, or under the influence of intoxicating liquor, or of any drug or narcotic, shall upon conviction thereof be fined not less than fifty dollars, nor more than three hundred dollars, or shall be imprisoned in the county jail not less than thirty days, nor more than six months, such fine or imprisonment shall be assessed against any such person so convicted regardless of whether or not his act or omission have resulted in any damage to a person, or property of any person, firm or corporation." And defendant's offered Instruction No. 1, as modified over defendant's objection, reading: "You are instructed that unless you believe from the evidence beyond a reasonable doubt that the defendant, William Schnell, was intoxicated, or under the influence of intoxicating liquor at the time of the accident of December 23, 1935, you must find the defendant not guilty."

The instructions were erroneous. Instruction No. 3 should not have employed the words "while intoxicated," and defendant's Instruction No. 1 should have had eliminated from

it the words "intoxicated or." However, the error did not affect any substantial right of defendant and does not require a reversal of the judgment. (Sec. 12125, Rev. Codes.) The jury returned the following verdict: "We, the jury in the above entitled cause, do find the defendant guilty of driving and operating an automobile upon and over the public highways and thoroughfares of the county of Musselshell, within the state of Montana, while under the influence of intoxicating liquor, as charged in the complaint herein, and leave his punishment to be fixed by the court." Hence it affirmatively appears that the jury did not find the defendant to have been intoxicated at the time in question, but only under the influence of intoxicating liquor, and defendant could not have been prejudiced by the error in the instructions.

Complaint is also made that the court erred in permitting evidence to be introduced showing that an accident occurred at the time defendant was accused of driving the motor vehicle while under the influence of intoxicating liquor. This evidence was proper as showing the circumstances under which the offense was committed.

Contention is made that the evidence was not sufficient to sustain the verdict. With this we do not agree. We need not here recite the evidence in detail. It was conflicting upon the issue as to whether defendant was under the influence of intoxicating liquor at the time, and therefore was for the jury. The evidence for the state on this point consisted of the opinions of witnesses who observed him, and defendant contends that such evidence was improper. The contention cannot be sustained. (*State* v. *Trueman,* 34 Mont. 249, 85 Pac. 1024.) Other contentions made by defendant have been considered, but we find no reversible error in the record.

The judgment is affirmed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES MORRIS, STEWART and ERICKSON concur.

Rehearing denied February 25, 1939.