MR. JUSTICE WEBER,
dissenting:
I respectfully dissent from the foregoing opinion of the Court.
The information in pertinent part stated: “. . . the above-named Defendant committed the offense of CRIMINAL POSSESSION OF DANGEROUS DRUGS — a felony, as specified in Section 45-9-102(1), MCA.
“The facts constituting the offense are: that on or about the 4th day of July, 1981, at the County of Lewis and Clark, State of Montana, the above-named defendant committed the offense of CRIMINAL POSSESSION OF DANGEROUS DRUGS, a felony, in that he did have under his control and possession certain narcotic drugs as defined in the, Montana Dangerous Drug Act, to-wit: hashish (more than 1 gram); contrary to the form, force and effect of the statute in such case made and provided and against the peace and dignity of the State of Montana.”
In substance the majority opinion holds that because the information does not allege possession of marijuana or te-trahydrocannabinols in the form of hashish, and instead alleges possession of hashish, the information is defective and the omission is fatal. This is a more technical standard of criminal pleading than we have required in other cases.
In State of Montana v. Emil Longneck (Mont.1981), 640 P.2d 436, 438, 38 St.Rep. 2160, 2162, the Court stated:
“.. . The test to be applied in judging the sufficiency of an information is whether a person of common understanding would know what is intended to be charged. State v. Kirkland (1979), Mont., 602 P.2d 586, 590, 36 St.Rep. 1963, 1966. ‘The general rule is that when the facts, acts and circumstances are set forth with sufficient certainity to constitute an offense, it is not a fatal defect that the complaint gives the offense an erroneous name.’ State v. Schnell (1939), 107 Mont. 579, 88 P.2d 19, 22 ...”
The Court pointed out that the information in Longneck charged him with the crime of deliberate homicide. Under *486 that charge, Longneck also could have been convicted of the lesser included offense of aggravated assault. However, the Court pointed out that the proof showed two different assaults, and the assault of which he was convicted was not the assault which was included in the deliberate homicide. In other words, Longneck was found to have assaulted the deceased but was not found to have been the assailant in the fatal assault. The Court further stated:
“Ideally, the information should have named, in addition to the deliberate homicide charge, a separate count of aggravated assault to cover the nonfatal, first assault; or, it should have charged the defendant with only the nonfatal, first assault. Despite this inaccuracy in naming the offense, the facts detailed in the information and in the motion for leave to file the information served to inform the defendant of what was intended to be charged and against what he was required to defend. He could not have been surprised or misled at trial.” 640 P.2d at 439, 38 St.Rep. at 2163.
In the present case, the District Court, in its opinion, stated as follows:
“Marijuana is defined in the Montana code as ‘all plant material from the genus cannabis containing tetraohydro-cannabinol [sic] (THC) or seeds of the genus capable of germination.’ 50-32-101(16). According to Black’s Law Dictionary (5th ed. West, 1979), hashish is a ‘drug which is formed of resin scraped from the flowering top of the cannabis plant, as distinguished from marijuana which consists of the chopped leaves and stems of the cannabis plant.’ Te-trahydrocannibinol [sic] (THC) is the principal psychoactive ingredient in cannabis drugs. (Jones, Hardin and Helen, Sensual Drugs, Cambridge University Press, 1977). THC and marijuana are both listed in Schedule I. THC is a constituent of hashish, and hashish and marijuana are both derived from the cannabis plant. In this way, hashish is defined as a dangerous drug, the possession of which is made criminal under the act.”
Applying the rationale of Longneck to the present case, I *487 would hold that while ideally, the information should have charged that the defendant did have under his control and possession marijuana or tetrahydrocannabinols in the form of hashish, the facts detailed in the information are sufficient to inform the defendant of the crime which he was required to defend. Today, a person of common understanding would readily comprehend a charge of the possession of hashish. The addition of the words marijuana in the form of hashish, or tetrahydrocannabinols in the form of hashish, would add very little, if anything, to the knowledge of the charge for a person of common understanding. The term “hashish” is widely known and understood in our present culture. I do not see how the defendant can seriously contend that he would have gained essential information for understanding the charge had it stated that the defendant was charged with tetrahydrocannabinols in the form of hashish. I do not see how the defendant could claim that the form of the information could have resulted in the surprise or misleading of the defendant at trial.
I would reverse the District Court.