MR. JUSTICE GULBRANDSON
dissenting.
I respectfully dissent.
I concur with the majority that this Court’s holding in State v. Schnell (1939), 107 Mont. 579, 88 P.2d 19, has not been overruled, but I do not agree that, under Barker v. Wingo, the charge should be dismissed.
The delay here appears to be sufficient to shift to the State the burden of explaining the delay and showing absence of prejudice to the defendant. Approximately 221 days of the delay are directly attributable to the filing and consideration of multiple defense motions to suppress and application to this Court for a writ of supervisory control. The remaining period of time chargeable to the State appears to be the result of “institutional delay,” which has been considered to weigh less heavily than intentional delays by the State. Although prejudice to the defendant has been identified as one of the most important considerations under Barker v. Wingo, I find little prejudice to the defendant here. The defendant was not incarcerated for the offense, he obtained a stay of execution of sentence and return of his driver’s license, and none of his rights were curtailed. The defendant does claim that a defense witness *543 died during the interim, but it is obvious that the witness was known to the defendant at the time of the first trial, but was not called as a witness for good reasons. That witness died 64 days after the defendant appealed his city court conviction, but ten months before the defendant asserted his right to a speedy trial.
I would affirm the District Court’s ruling that the defendant was not deprived of his right to a speedy trial.