No. 85-559

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

STATE OF MONTANA,

       Plaintiff and Respondent,

  -vs-

ROGER HANDY,

       Defendant and Appellant.

---

APPEAL FROM: The District Court of Thirteenth Judicial District,
In and for the County Yellowstone,
The Honorable G. Todd Baugh, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

    Terry Seiffert, Billings, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
        Joe R. Roberts, Asst. Atty. General, Helena
        Harold F. Hanser, County Attorney, Billings, Montana
        Donna K. Heffington, Deputy County Attorney, Billings

---

Submitted on Briefs: Feb. 13, 1986

Decided: June 4, 1986

Filed: JUN 4 - 1986

_____
Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

The Yellowstone County District Court, sitting without a jury, found Roger Handy guilty under § 61-8-401(1)(a), MCA, of driving a motor vehicle while under the influence of alcohol. Handy appeals raising one issue; i.e., whether the District Court erred in allowing the State to amend the charge to correct an inaccurate statutory reference to which appellant had objected prior to his conviction in the Justice Court. We affirm the conviction.

In November 1984, a Montana Highway Patrol officer arrested the appellant and issued two traffic citations to him. One citation, not at issue here, charged appellant with reckless driving. The instant case arises out of the second citation which charged appellant with violating § 61-8-406, MCA, ". . . in that said defendant did knowingly or purposely or negligently drive or be in actual physical control of motor vehicle while under the influence of alcohol." The reference to that statute was incorrect. The <u>language</u> of the citation closely tracks the language of § 61-8-401(1), MCA, which makes it unlawful ". . . for any person who is under the influence of: (a) alcohol to drive or be in actual physical control of a vehicle upon the ways of this state open to the public;. . ." However, the citation refers to § 61-8-406, MCA, which provides:

> It is unlawful . . . for any person to drive or be in actual physical control of a vehicle upon the ways of this state open to the public while the alcohol concentration in his blood, breath, or urine is 0.10 or more.

It is worth noting that the appellant refused to submit to a blood-alcohol test.

In January 1985, the Yellowstone County Justice Court held a trial on appellant's two traffic citations. We have no record whatsoever of the Justice Court trial itself. However, both parties agree that following the State's case-in-chief, appellant moved to dismiss the DUI charge and argued there was an inconsistency between the statutory reference on the charging document and the evidence presented. Both parties also agree that the State, in response to appellant's motion to dismiss, moved to amend the charge by correcting the statutory reference. There is some confusion as to the resolution of the State's motion to amend. Appellant asserts that the motion to amend was denied. The Yellowstone County deputy county attorney filed one brief stating that the State did not recall whether the Justice Court granted, denied or ignored the motion to amend. In any event, the Justice Court found appellant guilty of "Drive or Be In Control of Motor Vehicle While Under the Influence of Alcohol." The Justice Court also found appellant guilty of reckless driving. Appellant moved for judgment notwithstanding the verdict and asserted that the court failed to determine whether appellant was properly charged. The Justice Court denied appellant's motion. He appealed only the DUI charge to the District Court.

Prior to trial in the District Court, the State again moved to amend the citation by changing the statutory reference from § 61-8-406, MCA, to § 61-8-401, MCA. The District Court granted the State's motion to amend. The court found that the error (the wrong statutory reference) in the DUI citation was a ". . . typographical error, the correction of which will not prejudice the defendant.. . ." In October 1985, the District Court, sitting without a jury,

- 3 -

held a trial de novo on the DUI charge and found appellant guilty of driving a motor vehicle while under the influence of alcohol. This appeal followed.

The only issue on appeal, as stated by appellant, is whether the District Court erred in permitting the State to amend the charge. Here, the appellant was charged under the language of § 61-8-401, MCA, (driving under the influence of alcohol) although the citation listed § 61-8-406, MCA (driving with a blood alcohol concentration of 0.10 or more). Both the Justice Court and the District Court, in finding appellant guilty, used the language "driving under the influence." A conviction under § 61-8-406, MCA, would have been virtually impossible to obtain as appellant refused to submit to a blood-alcohol test.

Appellant argues that the Justice Court found him guilty of a crime that he was not charged with. We disagree. This Court has repeatedly stated:

> "The general rule is that when the facts, acts and circumstances are set forth with sufficient certainty to constitute an offense, it is not a fatal defect that the complaint gives the offense an erroneous name."

State v. Longneck (1981), 196 Mont. 151, 154, 640 P.2d 436, 438; quoting State v. Schnell (1939), 107 Mont. 579, 88 P.2d 19, 22. The Schnell Court, citing numerous jurisdictions, also stated:

> The name of the crime is controlled by the specific acts charged, and an erroneous name of the charge does not vitiate the complaint.

Schnell, 88 P.2d at 22.

In this case, the complaint used the language of § 61-8-401, MCA, in charging appellant with driving under the influence of alcohol. The judgment of conviction also used

- 4 -

that statutory language. Under the rule of Longneck and Schnell, an erroneous statutory reference will not invalidate the charge. The test for the validity of a complaint is whether a person of common understanding would know what was intended to be charged. State v. Kirkland (1979), 184 Mont. 229, 602 P.2d 586; citing State v. Dunn (1970), 155 Mont. 319, 327, 472 P.2d 288, 294. The general rule in Montana is that a complaint is sufficient if it properly charges an offense in the statutory language describing the offense. State v. Hankins (Mont. 1984), 680 P.2d 958, 41 St.Rep. 762; citing State ex rel. Glantz v. District Court (1969), 154 Mont. 132, 461 P.2d 193. The disputed complaint charged appellant using the statutory language and we hold that the complaint adequately described, and gave notice to appellant of, the offense he was subsequently convicted of.

Appellant also argues that the District Court could not amend the charge to conform to the Justice Court conviction. Again we disagree. Section 46-11-403, MCA, provides, in pertinent part:

> (2) The court may permit an information to be amended as to form at any time before verdict or finding if no additional or different offense is charged and if the substantial rights of the defendant are not prejudiced.
>
> (3) No charge may be dismissed because of a formal defect which does not tend to prejudice a substantial right of the defendant.

The formal defect of this charge, the incorrect statutory reference, did not prejudice a substantial right of appellant. Appellant was clearly apprised of the charge. Moreover, appellant knew that a conviction under the incorrect statutory reference (for driving with a blood-alcohol level of 0.10 or greater) was virtually

impossible because no blood-alcohol test was taken. Appellant knew the charge against him and we hold that the District Court did not err in allowing the State to amend the charge and correct the statutory reference.

Affirmed.

/s/ L. C. Gulbrandson
Justice

We concur:

/s/ John Conway Harrison

/s/ John C. Sheehy

/s/ Fred J. Weber

/s/ William E. Hunt
Justices