No. 86-551

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

STATE OF MONTANA,

        Plaintiff and Respondent,

  -vs-

DENNIS JAMES COLLINS,

        Defendant and Appellant.

APPEAL FROM: District Court of the Fourteenth Judicial District,
In and for the County of Meagher,
The Honorable Roy Rodeghiero, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

    Philip F. Walsh, White Sulphur Springs, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
Kathy Seeley, Asst. Atty. General, Helena
John V. Potter, Jr., County Attorney, White Sulphur
Springs, Montana

Submitted on Briefs: Feb. 5, 1987

Decided: March 24, 1987

Filed: MAR 24 1987

*Ethel M. Harrison*

———————————————————
Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

Dennis James Collins appeals his conviction in Meagher County District Court for operating a motor vehicle while adjudged a habitual traffic offender. Three issues are raised on appeal: (1) whether the language of the information was sufficient to apprise Collins of the nature of the charge brought against him; (2) whether the District Court had subject matter jurisdiction of the case; (3) whether the information was duplicitous in that it charged two separate criminal offenses. We affirm.

In May 1986, Collins was cited for operating a motor vehicle as a declared habitual offender under § 61-11-213, MCA. The matter was transferred to the District Court for trial and an information was filed by the State. The relevant part of the information states as follows:

> [a]ccuses the Defendant, Dennis James Collins, with the crime of driving a motor vehicle on a public highway of this State at a time when his privilege to do so was revoked in violation of § 61-5-212, Montana Codes Annotated, with increased penalty provisions as provided in § 61-11-213 Montana Codes Annotated, by reason of the fact that the said Defendant had been adjudged an habitual traffic offender, which judgment was still in effect, and more particularly that on May 25, 1986, at approximately 11:53 p.m., the said Dennis James Collins purposely and knowingly drove, operated and was in control of a 1973 Chevrolet Nova automobile on U. S. Highway 12 and within the City of White Sulphur Springs, Meagher County, Montana, at a time when the privilege of the said Dennis James

2

Collins to operate a motor vehicle had been revoked and the Defendant had been adjudged an habitual traffic offender by order of the District Court of Meagher County dated April 3, 1984 in Cause no. 5936, which adjudication as an habitual traffic offender was still in effect.

. . .

The penalty upon conviction of the offense charged is imprisonment for a period of not more than one year or a fine of not more than $1,000, or both, as provided in § 61-11-213 Montana Codes Annotated.

At trial Collins did not dispute the allegation that he had been adjudged a habitual traffic offender or that he had been driving a motor vehicle at the time he was cited. He chose to defend on the basis of necessity. As will be shown by citation to the relevant statute below, necessity is a defense only to a person adjudged to be a habitual traffic offender. A jury found Collins guilty of operating a motor vehicle as a declared habitual offender. The court fined Collins $1,000 and sentenced him to one year in the county jail with all but 120 days suspended.

Section 61-11-213, MCA, reads as follows:

Any person found to be an habitual traffic offender under this part, and who thereafter operates a motor vehicle in this state while the order of the court prohibiting such operation remains in effect, shall be guilty of a misdemeanor, and upon conviction thereof shall be imprisoned for a period of not more than 1 year or fined not more than $1,000, or both. However, in cases wherein the prohibited operation of a motor vehicle

3

by an habitual traffic offender is necessitated in a situation of extreme emergency in order to save life, limb, or property, he shall not be deemed guilty of a violation under this part.

Collins first argues that the information was insufficient and thereby failed to apprise him of the charge. It is interesting to note that in his brief, Collins makes significant concessions as to his knowledge and awareness of the charge being brought against him. We quote directly from the brief:

Mr. Collins concedes that he was not completely surprised by the particular evidence admitted against him at trial. The officer who originally ticketed Mr. Collins charged him with driving while adjudged an habitual traffic offender. The case was tried by respective counsel as if it were an habitual offender case. Mr. Collins' counsel admitted as much in his motions to the Court after the close of trial evidence (Transcript of Motions, p. 5). The evidence adduced by the prosecution at trial was generally known and expected by Mr. Collins.

During the argument on Collins' motions to dismiss, the following exchange took place:

THE COURT: Well, are you saying that he [the State] stated an offense in the information that's different from what he [Collins] is being tried with today? You don't deny the fact that the trial today has to do with driving as a habitual traffic offender while he doesn't have any license?

MR. WALSH: No, I think we all understand that.

4

In addition, the jury instructions clearly show that Collins was tried on a charge of operating a motor vehicle while an adjudged habitual traffic offender. The general rule is that when the facts, acts and circumstances are set forth with sufficient certainty to constitute an offense, it is not a fatal defect that the complaint gives the offense an erroneous name. State v. Handy (Mont. 1986), 719 P.2d 766, 768, 43 St.Rep. 897, 899, citing State v. Longneck (1981), 196 Mont. 151, 154, 640 P.2d 436, 438, and quoting State v. Schnell (1939), 107 Mont. 579, 585, 88 P.2d 19, 22. This means that an erroneous statutory reference will not invalidate the charge. Handy, 719 P.2d at 768.

While the State erroneously cited to § 61-5-212, MCA, in the information, the facts and circumstances subsequently described in that same information unmistakably point to an alleged violation of § 61-11-213, MCA. Further, the penalty provision of the information to which we cite tracks the language of § 61-11-213, MCA. A person of common understanding would know that the State was charging a violation of § 61-11-213, not § 61-5-212. Collins admitted as much in his brief. Again, we reiterate the point that the name of a crime is controlled by the specific acts charged. State v. Schnell (1939), 107 Mont. 579, 88 P.2d 19. The information contained harmless error and was therefore sufficient to apprise Collins of the crime charged. See State v. Pearson (Mont. 1985), 704 P.2d 1056, 1059, 42 St.Rep. 1253, 1256.

The second issue is whether the District Court had subject matter jurisdiction of the case. The jurisdictional

5

statute in question is § 61-11-214, MCA, which we quote in full:

> For the purpose of enforcing the provisions of this part, in any case in which the defendant is charged with operating a motor vehicle while his license to do so is suspended or revoked, or is charged with driving without a license, the court, before hearing such charge, shall ascertain whether the defendant has been adjudged an habitual traffic offender and by reason of that judgment is prohibited from operating a motor vehicle in this state. If the court determines that the defendant has been so adjudged and that that judgment remains in effect, the court shall certify the case to the district court of its jurisdiction for trial.

Collins was charged with operating a motor vehicle while an adjudged habitual traffic offender. He was not charged with operating a motor vehicle while his license was suspended or revoked, or driving without a license and therefore no certification to district court was required. The District Court had subject matter jurisdiction over the case.

The third issue is whether the information was duplicitous in that it charged two separate criminal offenses. As stated previously, the information contained an erroneous reference to § 61-5-212, MCA. However, the information clearly intended to charge Collins with driving while an adjudged habitual offender, and was interpreted as such by Collins. In addition, the jury was instructed that driving while one's license is revoked is a lesser-included offense of driving while an adjudged habitual traffic offender. The jury was also informed that it could not find

6

Collins guilty of any lesser-included offense if it found him guilty of driving while an adjudged habitual traffic offender. Finally, the jury was instructed that it could only convict Collins of one offense. We conclude that the information was not duplicitous.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices