No. 87-03

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

STATE OF MONTANA,

       Plaintiff and Appellant,

  -vs-

LONNIE MOEHR,

       Defendant and Respondent,

---

APPEAL FROM:  The District Court of the Thirteenth Judicial District,
In and for the County of Big Horn,
The Honorable William J. Speare, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Hon. Mike Greely, Attorney General, Helena, Montana
John Paulson, Assistant Attorney General, Helena
Joe A. Rodriguez, County Attorney, Hardin, Montana

    For Respondent:

        James E. Torske, Hardin, Montana

---

Submitted on Briefs: May 21, 1987

Decided:   June 24, 1987

Filed:  JUN 24 1987

_Ethel M. Harrison_
Clerk

Mr. Justice R.C. McDonough delivered the Opinion of the Court.

The State of Montana appeals the September 18, 1986, order of the Thirteenth Judicial District Court, County of Big Horn, granting defendant's motion to dismiss for lack of speedy trial. We reverse.

On October 22, 1985, the Big Horn deputy county attorney filed an information and affidavit of probable cause alleging attempted sexual intercourse without consent by defendant, as specified in §§ 45-4-103 and 45-5-502(1), MCA.

Defendant was arrested and plead not guilty to the charge of attempted sexual intercourse without consent at his arraignment October 22, 1985. On the same date, defendant was released from jail upon posting a $5000 bond.

An omnibus hearing was held February 28, 1986, and trial was scheduled for April 21, 1986. Immediately before trial on April 21, 1986, the State moved to amend the information by changing the reference code section from § 45-5-502, MCA, to § 45-5-503, MCA. Section 45-5-502, MCA, is the sexual assault statute and § 45-5-503, MCA, addresses sexual intercourse without consent. Defendant objected to the amendment and requested a continuance should the motion to amend be granted. The district judge granted the motion to amend and also granted defendant's request for continuance.

On May 20, 1986, the deputy county attorney filed a motion for trial date requesting trial in the immediate future to avoid any speedy trial problems. Trial was scheduled for August 18, 1986. On that date, Judge Luedke deemed himself disqualified, and the parties agreed to have Judge Sande appointed as presiding judge. Trial was rescheduled for August 20, 1986, but was vacated due to the unavailability of a court reporter. Defendant filed a motion to dismiss

2

for lack of speedy trial on August 22, 1986. A hearing on the motion to dismiss was held September 12, 1986, and the District Court subsequently entered its order granting the motion to dismiss.

The District Court found the delay of 304 days to be attributable to the State. The court disagreed with the State's contention that the delay following defendant's request for continuance should be chargeable to defendant. The court found the amendment to the information to be one of substance and not of form, therefore defendant was entitled to a continuance without defendant being charged for delay thereafter. The State appeals and raises the following issue:

Whether the District Court erred in granting defendant's motion to dismiss for lack of a speedy trial?

The State contends that the amendment to the information was one of form and not of substance. Therefore, the continuance was not necessary and the subsequent delay is chargeable to defendant. We agree.

While the information incorrectly cited the sexual assault statute, § 45-5-502(1), MCA, the intended charge of attempted sexual intercourse without consent is quite clear in the information:

> Jim Vogel, Deputy County Attorney of Big Horn County, deposes and says that on or about October 20, 1985, near Jack's Homart Store and Graham-Staunton Chevrolet on Custer Street, Big Horn, County, Montana, the above-named Defendant committed the offense of ATTEMPTED SEXUAL INTERCOURSE WITHOUT CONSENT as specified in 45-4-103 and 45-5-502(1), M.C.A., 1983.
> The facts constituting the offense are:
> That at the above place and the above time, the above-named defendant committed the offense of ATTEMPTED SEXUAL INTERCOURSE WITHOUT CONSENT in that he knowingly attempted to have sexual

3

intercourse without consent with another, namely, Mary Looks Behind, not his spouse, with the victim sustaining bodily injury, namely, a dislocated shoulder, and numerous bruises during the assault, contrary to the form, force and effect of the statutes in such case, made and provided and against the peace and dignity of the State of Montana.

Section 45-5-503(1), MCA, defines sexual intercourse without consent as, "A person who knowingly has sexual intercourse without consent with a person of the opposite sex not his spouse commits the offense of sexual intercourse without consent." The allegations in the information list all the elements of the crime of attempted sexual intercourse without consent.

The recent case of State v. Handy (Mont. 1986), 719 P.2d 766, 43 St.Rep. 897, addresses the issue of sufficiency of an information which includes an incorrect statutory cite. In Handy, the information charged the defendant with violating § 61-8-406, MCA, "in that said defendant did knowingly or purposely or negligently drive or be in actual physical control of a motor vehicle while under the influence of alcohol." The cite to § 61-8-406, MCA, which concerns operation of a motor vehicle with a blood alcohol concentration of 0.10 or more, was incorrect. The State moved to amend the information by changing the statutory cite to § 61-8-401, MCA, which contains language nearly identical to that used in the information. This Court found amendment to be proper because the defendant was clearly apprised of the charge. 719 P.2d 768, 43 St.Rep. 900.

In State v. Longneck (1981), 196 Mont. 151, 640 P.2d 436, this Court stated, "[W]hen the facts, acts and circumstances are set forth with sufficient certainy to constitute an offense, it is not a fatal defect that the complaint gives the offense an erroneous name." 196 Mont. 154, 640 P.2d 438.

4

In the present case, the facts set forth in the information leave no room for doubt that defendant was being charged with attempted sexual intercourse without consent. Additionally, the offense was correctly named; this Court has previously held that an information is sufficient if it properly charges an offense in the language of the statute describing the offense. State v. Hankins (Mont. 1984), 680 P.2d 958, 41 St.Rep. 762.

We find the information in this case fully apprised defendant of the offense for which he was being charged. Thus, the amendment to the information was one of form which did not prejudice the rights of defendant and trial could have occurred April 21, 1986, as scheduled without impairing the defense. Section 46-11-403(2), MCA, provides: "The court may permit an information to be amended as to form at any time before verdict or finding if no additional or different offense is charged and if the substantial rights of the defendant are not prejudiced."

We find the period of delay incurred following the grant of continuance to be chargeable against defendant. The record shows that trial would have occurred within six months of the filing of the charge had defendant not moved for continuance. Defendant being responsible for the subsequent delay, the State does not have the burden of explaining the delay or showing absence of prejudice to defendant. See State v. Tiedemann (1978), 178 Mont. 394, 584 P.2d 1284.

The District Court is reversed and this matter remanded for proceedings consistent with this opinion.

_____
Justice

We Concur:

5

John Conway Harrison
_____

_____

William E. Hunter
_____

John B. Sheehy
_____
Justices