No. 92-456

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

STATE OF MONTANA,

    Plaintiff and Respondent,

vs.

RICK LATER.

    Defendant and Appellant.

FILED

SEP 17 1993

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Fifth Judicial District,
               In and for the County of Beaverhead,
               The Honorable John Warner, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

            Leonard J. Haxby and Christine D. Somers, Butte,
            Montana

        For Respondent:

            Hon. Joseph P. Mazurek, Attorney General, Kathy
            Seeley, Assistant and Joseph Thaggard, Special Dupty
            County Attorney, Helena, Montana; Thomas Scott,
            Beaverhead County Attorney, Dillon, Montana


                        Submitted on Briefs:   April 1, 1993

                                    Decided:   September 17, 1993

Filed:



_____
            Clerk

Justice James C. Nelson delivered the Opinion of the Court.

After trial in the Fifth Judicial District Court, Madison County, Montana, a jury found the defendant, Rick Later, guilty of misdemeanor official misconduct and acquitted him of six other charges. The District Court imposed a fine of $350 and pursuant to § 45-7-401(4), MCA, concluded that defendant Rick Later had permanently forfeited his office of sheriff of Beaverhead County and the office was declared vacant. We reverse.

The dispositive issue on appeal is whether the trial court can essentially "amend" the information with a jury instruction at the close of appellant's case-in-chief.

The standard of review for discretionary trial court rulings is whether the trial court abused its discretion. Steer Inc. v. Department of Revenue (1990), 245 Mont. 470, 475, 803 P.2d 601, 603-604.

On January 3, 1992, defendant was charged with seven criminal charges, including felony theft and the charge with which he was convicted, that being misdemeanor official misconduct. Defendant had worked in law enforcement in Beaverhead County from 1972 on and was sheriff from 1980 until his conviction on May 29, 1991. The State's motion to change the place of trial was granted and the case was tried in Madison County rather than Beaverhead County.

Count VII of the Information alleged that the defendant had committed official misconduct in violation of § 7-4-2511, MCA, and § 7-32-2144, MCA, when he failed to remit to Beaverhead County his reimbursement warrants for mileage received from the Montana Board

2

of Crime Control.

The two statutes referred to in Count VII provide in pertinent part:

> (2) No salaried county officer may receive for his own use any fees, penalties, or emoluments of any kind, except the salary as provided by law, for any official service rendered by him. Unless otherwise provided, all fees, penalties, and emoluments of every kind collected by a salaried county officer are for the sole use of the county and must be accounted for and paid to the county treasurer as provided by subsection (1) and credited to the general fund of the county.

Section 7-4-2511(2), MCA.

> (1) A sheriff delivering prisoners at the state prison or a juvenile correctional facility or mentally ill persons at the Montana state hospital or other mental health facility receives actual expenses necessarily incurred in their transportation.

Section 7-32-2144(1), MCA.

When jury instructions were being settled in this case, counsel for the State conceded that §§ 7-4-2511 and 7-32-2144, MCA, had been cited in error and indeed, did not apply to the appellant's conduct under Count VII. The State asserted that the mistake in the statutory citations aside, the information provided appropriate notice to the appellant. The State then offered an instruction citing a portion of § 7-32-2143, MCA, which the State had decided was the statute applicable to the appellant's conduct.

The District Court found that although §§ 7-4-2511 and 7-32-2144, MCA, were mistakenly cited as the underlying offenses which formed the basis of the appellant's official misconduct, the statute outlining official misconduct was properly cited and the technical requirements of the charge were satisfied. It noted that although the information was "less than perfect," it did give the

3

defendant notice of what he was charged with and how and why he was charged. The trial court then accepted the State's proposed instruction which quoted the excerpt below from § 7-32-2143, MCA.

Jury Instruction No. 16, submitted by the State, reads as follows:

> Montana law requires that <u>all mileage paid to sheriffs whose vehicles are provided and maintained by the county shall be paid over to the county treasurer and deposited in the county general fund</u>. (Emphasis supplied.)

The emphasized portion of the above jury instruction uses the precise language of § 7-32-2143(2), MCA. However, § 7-32-2143, MCA, is a lengthy statute that takes up a full page in the code.

To provide the jury with this instruction when the information alleges violations of two entirely different statutes modifies the information and calls into question the validity of the original information. One function of an information is to "notify a defendant of [the offense charged], thereby giving [the defendant] an opportunity to defend." State v. Tropf (1975), 166 Mont. 79, 88, 530 P.2d 1158, 1163. To, in essence, "amend" the information at the close of the defendant's case-in-chief certainly does not give the defendant an opportunity to defend if the amendment is substantive.

In the instant case, the "amendment" at issue is one of substance. The prosecution requested a jury instruction which was an excerpted portion of a completely different statute than those cited in the information. It was those statutes against which the defendant was given notice by the information that he would have to defend. This jury instruction substantially altered the underlying

4

offense which formed the basis for Count VII. It did not allow the defendant an opportunity to defend because the "amendment" occurred after the defense had rested. A defendant charged with official misconduct for violating a mandatory duty ought at least know with some certainty what duty he has allegedly violated in time to prepare an appropriate defense to this allegation. Therefore, the jury instruction represented a substantive "amendment" to the original information and because the change was effected so late in the trial, when there was no opportunity for the defendant to change his defense strategy if he had chosen, it was prejudicial to the defendant.

"[The function of notifying a defendant of the offense charged, thereby giving the defendant an opportunity to defend] cannot be dispenced [sic] with when the information is amended as to substance. The defendant must be notified of the change and afforded a reasonable time after the amendment to prepare a defense. Further, when an amended information is filed substantively changing the charges against a defendant, the defendant should be arraigned under the new charges." State v. Cardwell (1980), 187 Mont. 370, 376, 609 P.2d 1230, 1233. (Citations omitted.)

Our decision does not dilute the principle enunciated in State v. Longneck (1981), 196 Mont. 151, 640 P.2d 436, and in a line of similar cases, that an erroneous statutory reference will not invalidate the charge. The Longneck line of cases concern informations which fully inform the defendant charged "of what was intended to be charged and against what he was required to defend."

5

Longneck, 640 P.2d at 439. Those informations, however, contained minor errors which did not prejudice a substantial right of the defendant.

The instant case is entirely different. Here, the defendant was not fully apprised of the charges against him, was misled as to what unlawful statutory conduct was charged by erroneous citations to two statutes, was not apprised of the appropriate statute until after he presented his defense, and was then required to go to the jury on an instruction that substantially amended the original charge.

We conclude that the trial court abused its discretion in accepting the proposed jury instruction and presenting an instruction to the jury which essentially amended the original information.

REVERSED AND REMANDED.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

6

Justice Fred J. Weber dissents as follows:

I dissent from the majority opinion and its conclusion that the dispositive issue was whether the trial court could amend the information with a jury instruction at the close of the defendant's case. I conclude that the primary issue presented to the Court was whether Sheriff Later was given sufficient notice of the nature of the crime with which he was charged under the information and supporting affidavits.

Count VII of the Information alleged that the defendant had committed the misdemeanor crime of official misconduct in violation of § 7-4-2511, MCA, and § 7-32-2144, MCA, when he failed to remit to the Beaverhead County treasurer his reimbursement warrants for mileage received from the Montana Board of Crime Control. Section 7-4-2511(2), MCA, states that any money received by a salaried county officer must be paid over to the county treasurer for crediting to the county's general fund. Defendant contended that the information did not sufficiently inform him of the charges against him and, therefore, that the District Court erred by approving a jury instruction with another statute as its source.

As the majority emphasizes, § 7-32-2143, MCA, was not described in the information, nor was the information amended to refer to that code section.

The test to be used in determining the sufficiency of an information is whether a person of common understanding would know what charge is intended. State v. Longneck (1981), 196 Mont. 151, 154, 640 P.2d 436, 438, aff'd after remand, 201 Mont. 367, 654 P.2d

7

977 (1982). The affidavit in support of the motion for leave to file the information must be considered along with the information itself. State v. Hamilton (1992), 252 Mont. 496, 499, 830 P.2d 1264, 1266. The general rule is that it is not a fatal defect that the information erroneously names the offense when the facts, acts and circumstances are set forth with sufficient certainty to constitute an offense. Longneck, 640 P.2d at 438 (citing State v. Schnell (1939), 107 Mont. 579, 88 P.2d 19, 22). This Court has used these principles in a number of cases ranging from official misconduct to deliberate homicide. For example, in Longneck, this Court stated:

> Ideally, the information should have named, in addition to the deliberate homicide charge, a separate count of aggravated assault to cover the nonfatal, first assault; or, it should have charged the defendant with only the nonfatal, first assault. Despite this inaccuracy in naming the offense, the facts detailed in the information and in the motion for leave to file the information served to inform the defendant of what was intended to be charged and against what he was required to defend. He could not have been surprised or misled at trial.

Longneck, 640 P.2d at 439.

In this case, the information charging the defendant provided:

> During the period of approximately February 22, 1990 to June 21, 1991 in Beaverhead County, Montana, the defendant committed the offense of Official Misconduct when, in his official capacity as a public servant, he purposely or negligently failed to perform a mandatory duty as required by law, namely sections 7-4-2511 and 7-32-2144, MCA, when he failed to remit to the Beaverhead County Treasury mileage fees paid by the Montana Board of Crime Control as reimbursement to Beaverhead County for the use of a Beaverhead County motor vehicle while the defendant was engaged in business with the Montana Board of Crime Control.

In addition, the portion of the affidavit in support of the motion

8

for leave to file the information which pertains to Count VII provided:

> The defendant's failure to remit to Beaverhead County the mileage fees paid to him by the Board of Crime Control for his use of a county vehicle constitutes as [sic] act of Official Misconduct in violation of section 45-7-401(1)(a), MCA. Under that subsection of the statute, a public official commits the crime of Official Misconduct when he purposely or negligently fails to perform any mandatory duty as required by law or by a court of competent jurisdiction. In the instant case, the defendant failed to comply with the mandatory requirements of sections 7-4-2511, MCA, and 7-32-2144, MCA, when he did not, as mandated by 7-4-2511 and 7-32-2144, MCA, remit to Beaverhead County the mileage fees paid to him by the Board of Crime Control for his use of a county vehicle while conducting business with the Montana Board of Crime Control. Based on these facts, the affiant believes that probable cause exists to charge the defendant in Count VII with Official Misconduct. (Emphasis supplied.)

When jury instructions were being settled in this case, counsel for the State conceded that §§ 7-4-2511 and 7-32-2144, MCA, had been cited in error. The District Court found that the statute outlining the crime of official misconduct, however, was properly cited and that the technical requirements of the charge were satisfied, noting that although the information was "less than perfect," it gave the defendant notice of what he was charged with and how and why he was charged.

While the information failed to accurately cite the statutory reference, Count VII of the information and the affidavit described the exact offense and facts supporting the charge of official misconduct. I conclude that the affidavit and information were clearly sufficient to inform Sheriff Later of the charge against which he was required to defend. Section 45-7-401(1)(a), MCA, sets

9

forth the crime charged and provides that purposely or negligently failing to perform a mandatory duty as required by law is official misconduct. Section 7-32-2143(2), MCA, describes the mandatory duty of sheriffs to pay over to the county treasurer for deposit in the county general fund all mileage fees paid to them when the county provides and maintains vehicles for a sheriff's official use. I conclude that Sheriff Later was given sufficient notice of the charges against him and what he would be required to defend against.

Sheriff Later contends that Jury Instruction No. 16 was not supported by direct evidence or some logical inference from the evidence and came at a point in the trial when he had rested his case and could not have presented any evidence relative to § 7-32-2143, MCA. This Court has stated that the primary purpose of an information is to reasonably apprise the accused of the charges against him so that he has the opportunity to prepare and present his defense. State v. Matson (1987), 227 Mont. 36, 736 P.2d 971. This requirement is satisfied if the charges sufficiently express the language of the statute which defines the offense. State v. Hankins (1984), 209 Mont. 365, 680 P.2d 958. "It is not the function of the information to anticipate or suggest instructions to the jury . . . . It is a notice device, not a discovery device." State ex rel McKenzie v. District Court (1974), 165 Mont. 54, 63, 525 P.2d 1211, 1216. "The defendant has available extensive discovery procedure to determine the details of the prosecution's case." McKenzie, 525 P.2d at 1217. As is apparent, I disagree

10

with the majority conclusion that there was a substantive amendment.

This Court has previously concluded that an erroneous statutory reference will not invalidate the charge. In State v. Handy (1986), 221 Mont. 365, 719 P.2d 766, the complaint charged the defendant with driving under the influence of alcohol, but cited a statute under which the defendant could not have been convicted, as did the information in this case. This Court stated:

> Under the rule of Longneck and Schnell, an erroneous statutory reference will not invalidate the charge. . . . The disputed complaint charged appellant using the statutory language and we hold that the complaint adequately described, and gave notice to appellant of, the offense he was subsequently convicted of.

Handy, 719 P.2d at 768. Like the defendant in Handy, Sheriff Later was adequately apprised of the charge against him here. Sheriff Later was given notice of the acts he had done which constituted the crime of official misconduct and the information correctly referred to the offense of official misconduct although it did not set forth correctly the statute which created the duty involved. In fact, the information alternatively charged Later with a felony for allegedly using the money he received for reimbursed mileage from the Montana Board of Crime Control for his own personal use. Later was well aware of the charges against him and was able to defend against them.

The public policy underlying the technical requirements of a charging statute is to afford a defendant due process of law--to fairly apprise a defendant of what crime is being charged in order to fully defend against it. Sheriff Later received the required

11

due process here. He was acquitted of the charges alleging theft in relation to this conduct. He could not have been surprised by the evidence admitted against him at the trial. The statute listing the mandatory duty was incorrectly cited by the State, but the facts and circumstances described in the information unmistakably point to an alleged violation of § 45-7-401(1)(a), MCA, which was correctly cited by the State and which describes the crime of official misconduct. The name of a crime is controlled by the specific acts charged. State v. Collins (1987), 226 Mont. 188, 191, 734 P.2d 686, 689 (citing State v. Schnell (1939), 107 Mont. 579, 88 P.2d 19). Like Collins, the information here contained harmless error and was, therefore, sufficient to apprise Later of the crime charged.

I conclude that the jury instruction was not a substantive amendment which in fact prejudiced the defendant. I would affirm the District Court.

_____
Justice

12

September 17, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Leonard J. Haxby & Christine D. Somers
Attorneys at Law
P.O. 3008
Butte, MT 59702-3008

Hon. Jospeh P. Mazurek, Attorney General
Kathy Seeley, Assistant, and Joseph Thaggard,
Special Deputy County Atty.
Justice Bldg.
Helena, MT 59620

Thomas Scott
Beaverhead County Attorney
Beaverhead County Courthouse
Dillon, MT 59725

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
    Deputy