JUSTICE WEBER
dissents as follows:
I dissent from the majority opinion and its conclusion that the dispositive issue was whether the trial court could amend the information with a jury instruction at the close of the defendant’s case. I conclude that the primary issue presented to the Court was whether Sheriff Later was given sufficient notice of the nature of the crime with which he was charged under the information and supporting affidavits.
Count VII of the Information alleged that the defendant had committed the misdemeanor crime of official misconduct in violation of § 7-4-2511, MCA, and § 7-32-2144, MCA, when he failed to remit to the Beaverhead County treasurer his reimbursement warrants for mileage received from the Montana Board of Crime Control. Section 7-4-2511(2), MCA, states that any money received by a salaried county officer must be paid over to the county treasurer for crediting to the county’s general fund. Defendant contended that the information did not sufficiently inform him of the charges against him and, therefore, that the District Court erred by approving a jury instruction with another statute as its source.
As the majority emphasizes, § 7-32-2143, MCA, was not described in the information, nor was the information amended to refer to that code section.
The test to be used in determining the sufficiency of an information is whether a person of common understanding would know what charge is intended. State v. Longneck (1981), 196 Mont. 151, 154, 640 P.2d 436, 438, aff’d after remand, 201 Mont. 367, 654 P.2d 977 (1982). The affidavit in support of the motion for leave to file the information must be considered along with the information itself. State v. Hamilton (1992), 252 Mont. 496, 499, 830 P.2d 1264, 1266. The general rule is that it is not a fatal defect that the information erroneously names the offense when the facts, acts and circumstances are set forth with sufficient certainty to constitute an offense. Longneck, 640 P.2d at 438 (citing State v. Schnell (1939), 107 Mont. 579, 88 P.2d 19, 22). This Court has used these principles in a number of cases ranging *368 from official misconduct to deliberate homicide. For example, in Longneck, this Court stated:
Ideally, the information should have named, in addition to the deliberate homicide charge, a separate count of aggravated assault to cover the nonfatal, first assault; or, it should have charged the defendant with only the nonfatal, first assault. Despite this inaccuracy in naming the offense, the facts detailed in the information and in the motion for leave to file the information served to inform the defendant of what was intended to be charged and against what he was required to defend. He could not have been surprised or misled at trial.
Longneck, 640 P.2d at 439.
In this case, the information charging the defendant provided:
During the period of approximately February 22,1990 to June 21, 1991 in Beaverhead County, Montana, the defendant committed the offense of Official Misconduct when, in his official capacity as a public servant, he purposely or negligently failed to perform a mandatory duty as required by law, namely sections 7-4-2511 and 7-32-2144, MCA, when he failed to remit to the Beaverhead County Treasury mileage fees paid by the Montana Board of Crime Control as reimbursement to Beaverhead County for the use of a Beaver-head County motor vehicle while the defendant was engaged in business with the Montana Board of Crime Control.
In addition, the portion of the affidavit in support of the motion for leave to file the information which pertains to Count VII provided:
The defendant’s failure to remit to Beaverhead County the mileage fees paid to him by the Board of Crime Control for his use of a county vehicle constitutes as [sic] act of Official Misconduct in violation of section 45-7-401(l)(a), MCA. Under that subsection of the statute, a public official commits the crime of Official Misconduct when he purposely or negligently fails to perform any mandatory duty as required by law or by a court of competent jurisdiction. In the instant case, the defendant failed to comply with the mandatory requirements of sections 7-4-2511, MCA, and 7-32-2144, MCA, when he did not, as mandated by 7-4-2511 and 7-32-2144, MCA, remit to Beaverhead County the mileage fees paid to him by the Board of Crime Control for his use of a county vehicle while conducting business with the Montana Board of Crime Control. Based on these facts, the affiant believes that probable cause exists to charge the defendant in Count VII with Official Misconduct. (Emphasis supplied.)
*369 When jury instructions were being settled in this case, counsel for the State conceded that §§ 7-4-2511 and 7-32-2144, MCA, had been cited in error. The District Court found that the statute outlining the crime of official misconduct, however, was properly cited and that the technical requirements of the charge were satisfied, noting that although the information was “less than perfect,” it gave the defendant notice of what he was charged with and how and why he was charged.
While the information failed to accurately cite the statutory reference, Count VII of the information and the affidavit described the exact offense and facts supporting the charge of official misconduct. I conclude that the affidavit and information were clearly sufficient to inform Sheriff Later of the charge against which he was required to defend. Section 45-7-401(l)(a), MCA, sets forth the crime charged and provides that purposely or negligently failing to perform a mandatory duty as required by law is official misconduct. Section 7-32-2143(2), MCA, describes the mandatory duty of sheriffs to pay over to the county treasurer for deposit in the county general fund all mileage fees paid to them when the county provides and maintains vehicles for a sheriff’s official use. I conclude that Sheriff Later was given sufficient notice of the charges against him and what he would be required to defend against.
Sheriff Later contends that Jury Instruction No. 16 was not supported by direct evidence or some logical inference from the evidence and came at a point in the trial when he had rested his case and could not have presented any evidence relative to § 7-32-2143, MCA. This Court has stated that the primary purpose of an information is to reasonably apprise the accused of the charges against him so that he has the opportunity to prepare and present his defense. State v. Matson (1987), 227 Mont. 36, 736 P.2d 971. This requirement is satisfied if the charges sufficiently express the language of the statute which defines the offense. State v. Hankins (1984), 209 Mont. 365, 680 P.2d 958. “It is not the function of the information to anticipate or suggest instructions to the jury .... It is a notice device, not a discovery device.” State ex rel McKenzie v. District Court (1974), 165 Mont. 54, 63, 525 P.2d 1211, 1216. “The defendant has available extensive discovery procedure to determine the details of the prosecution’s case.” McKenzie, 525 P.2d at 1217. As is apparent, I disagree with the majority conclusion that there was a substantive amendment.
This Court has previously concluded that an erroneous statutory reference will not invalidate the charge. In State v. Handy (1986), 221 *370 Mont. 365, 719 P.2d 766, the complaint charged the defendant with driving under the influence of alcohol, but cited a statute under which the defendant could not have been convicted, as did the information in this case. This Court stated:
Under the rule of Longneck and Schnell, an erroneous statutory reference will not invalidate the charge.... The disputed complaint charged appellant using the statutory language and we hold that the complaint adequately described, and gave notice to appellant of, the offense he was subsequently convicted of.
Handy, 719 P.2d at 768. Like the defendant in Handy, Sheriff Later was adequately apprised of the charge against him here. Sheriff Later was given notice of the acts he had done which constituted the crime of official misconduct and the information correctly referred to the offense of official misconduct although it did not set forth correctly the statute which created the duty involved. In fact, the information alternatively charged Later with a felony for allegedly using the money he received for reimbursed mileage from the Montana Board of Crime Control for his own personal use. Later was well aware of the charges against him and was able to defend against them.
The public policy underlying the technical requirements of a charging statute is to afford a defendant due process of law — to fairly apprise a defendant of what crime is being charged in order to fully defend against it. Sheriff Later received the required due process here. He was acquitted of the charges alleging theft in relation to this conduct. He could not have been surprised by the evidence admitted against him at the trial. The statute listing the mandatory duty was incorrectly cited by the State, but the facts and circumstances described in the information unmistakably point to an alleged violation of § 45-7-401(1)(a), MCA, which was correctly cited by the State and which describes the crime of official misconduct. The name of a crime is controlled by the specific acts charged. State v. Collins (1987), 226 Mont. 188, 191, 734 P.2d 686, 689 (citing State v. Schnell (1939), 107 Mont. 579, 88 P.2d 19). Like Collins, the information here contained harmless error and was, therefore, sufficient to apprise Later of the crime charged.
I conclude that the jury instruction was not a substantive amendment which in fact prejudiced the defendant. I would affirm the District Court.