STATE, RESPONDENT, v. SALINA, APPELLANT.

(No. 8458.)

(Submitted September 19, 1944.  Decided December 28, 1944.)

[154 Pac. (2d) 484.]

*Mr. Julius J. Wuerthner* and *Mr. W. L. Hyde,* for Appellant, submitted an original and a reply brief; *Mr. Wuerthner* argued the cause orally.

*Mr. R. V. Bottomly,* Attorney General, *Mr. Fred Lay,* First Assistant Attorney General, and *Mr. Walter T. Murphy,* County Attorney of Mineral County, for Respondent State, submitted a brief; *Mr. Lay* argued the cause orally.

MR. JUSTICE ANDERSON delivered the opinion of the court.

This is an appeal from a judgment of conviction in a criminal case wherein it was sought to hold the defendant criminally liable for buying furs without a license.

Under our fish and game laws the business of dealing in furs is regulated by requiring records to be kept of transactions and a license to engage in the business. As to the license, it is provided that "All fur dealers as defined in this Act shall before buying, selling or in any manner dealing in the skins or pelts of any fur-bearing or predatory animal within the state of

Montana secure a fur dealer's license from the state fish and game warden * * *.'' (Sec. 3778.5, Revised Codes.)

A fur dealer is defined as ''Any person or persons, firm, company or corporation engaging in, carrying on, or conducting wholly or in part the business of buying or selling, trading or dealing, within the state of Montana, in the skins or pelts of any animal or animals, designated by the laws of Montana as fur-bearing or predatory animals * * *.'' (Sec. 3778.3 Revised Codes.)

There is classification of licenses to be issued of three kinds, one for the resident fur dealer, one for the non-resident fur dealer, and one for a fur dealer's agent. (Sec. 3778.6, Revised Codes.)

''Any person * * * employed by a * * * fur dealer as a fur buyer (is) a fur dealer's agent * * *.'' (Sec. 3778.6, Revised Codes.)

The complaint does not say whether the offender is being charged as a dealer or as a dealer's agent. The allegation is ''That Lui Salina (is) accused by this complaint of the crime of buying furs without a license, a misdemeanor, committed as follows: The said Lui Salina did on or about the 14th day of April, A. D. 1942, at the County of Mineral, in the State of Montana, wilfully, wrongfully and unlawfully buy furs, to-wit: six beaver pelts, six coyote pelts, two badger pelts, seven weasel pelts, sixty-five muskrat pelts, three mink pelts, and one skunk pelt, without him, the said defendant, then and there having a fur dealer's license or a fur dealer's agent's license so to do, all of which is contrary to the form, force and effect of the statute in such case made and provided and against the peace and dignity of the State of Montana.''

The prosecutor in drawing the complaint apparently proceeded on the theory that the effect of the law was simply to prohibit the buying of furs without having a license. The law is not quite that simple. It is the business of dealing in furs that is regulated and is required to be licensed. Different forms of licenses are provided for and there are circumstances stated

wherein no license is needed. The complaint, of course, should make it clear what acts of the defendant are complained of and what requirement of the law he has failed to observe. The rule ▮ in criminal pleading is that ''The averments must be such as clearly to designate, not only the particular kind of offense, but the specific criminal act for which the accused is to answer, so that the court can see, admitting the facts to be as stated, that a criminal offense has been committed of which the court has jurisdiction, determine questions of admissibility of evidence thereunder, and be able to pronounce judgment.'' (27 Am. Jur. 624.) The question was raised at the outset of the trial, and in colloquy between respective counsel and the court it was given to understand that the prosecution was for buying furs as an agent without a fur dealer's agent's license, and the trial so proceeded.

From the facts adduced and the arguments and proceedings in the course of the trial, it is clear that the charge which the state was pressing against the defendant was that he had bought furs as a dealer's agent without having an agent's license. Assuming that to be the case, we come at once upon the more serious question whether the complaint states an offense at all.

In regard to the agent's license, Section 3778.6 as originally ▮ enacted (Chapter 42, Laws of 1929) provided for three classes of license and went on to provide that ''Application for a fur dealer's *agent's* license must be made by the fur dealer employing *said agent* and no agent's license shall be issued until the necessary fur dealer's license has first been secured by the employer of said agent.'' There is no provision requiring the agent to either procure or possess a license. The provision in the statute as amended (Chapter 69, Laws of 1941) is exactly the same, excepting that the word ''agents'', the sixth in the sentence, is omitted, so that it now reads: ''Application for a fur dealer's license must be made by the fur dealer employing said *agent* and no agent's license shall be issued until the necessary fur dealer's license has first been secured by the employer of said agent.''

The purpose of the amendment was to require each resident fur dealer to buy a $1 license for each county in which he purchases furs, whereas previously only one $1 license was required for statewide operation. Whether the omission of the word "agent's" was intentional or an oversight we cannot know. It seems like an oversight since the paragraph deals with the fur dealer's agent and the obtaining of his license. The provision therein that the dealer must apply for his own license seems wholly unnecessary and almost meaningless for, under the law, without any provision in regard thereto, it would seem to be the only way it could be obtained. In any event, we are unable to see that it has effected any change in the law in its requirements of the person acting as a dealer's agent. Granting that the provision for the agent's license to be obtained by the dealer has been eliminated, we still have no provision requiring the agent to procure a license nor that he must have a license to act as buyer. While that might be the inference, in a statute which carries a penalty, making its violation a crime, the provision as to what must be observed and done should be expressed with a degree of certainty such that it may be understood without relying on inferences. (14 Am. Jur. 743, sec. 19.)

The scheme for regulation under the law before the amendment is directed at the person engaged in the fur dealer business. He must have a license for himself as a dealer and he must have an agent's license for anyone employed by him as a buyer. It falls upon him to obtain not only his own license but also the agent's. And he only may apply for and obtain the agent's license. Such arrangement is not uncommon in license regulation. (See 37 Corpus Juris 215, and cases there cited.) We are unable to see that the elimination of the word "agent's" in the amended law has brought forth any new scheme of regulation in its relation to fur dealer's agents. It may have emasculated the one originally provided but it has provided no other.

This license law, in its application to fur dealer's agents, is lacking in that directness and certainty of provision there needs

to be in a statute to make its non-observance a criminal offense. We cannot escape the view that the law, as it now reads, will not sustain a prosecution as here attempted. The complaint does not state a public offense.

The judgment of the lower court is reversed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICE ADAIR concur.

ASSOCIATE JUSTICE MORRIS not participating.