No. 81-547

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

STATE OF MONTANA,

Plaintiff and Appellant,

vs.

DAVID GERARD KELMAN,

Defendant and Respondent.

Appeal from:   District Court of the First Judicial District,
               In and for the County of Lewis and Clark
               Honorable Gordon Bennett, Judge presiding.

Counsel of Record:

For Appellant:

Hon. Mike Greely, Attorney General, Helena, Montana
Charles Graveley, County Attorney, Helena, Montana
Steve Garrison argued, Deputy County Attorney, Helena,
Montana

For Respondent:

Harrison, Loendorf and Poston, Helena, Montana
John Poston argued, Helena, Montana

Submitted:  May 14, 1982

Decided:  August 19, 1982

Filed: AUG 19 1982

*Thomas J. Kearney*

Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

This is an appeal by the State from the District Court's dismissal of an information against defendant. We affirm.

During a patdown search in the course of booking defendant for another offense, a Lewis and Clark County jailer seized from defendant a "cocaine spoon" and a baggie of what appeared to the jailer to be hashish. The substance weighed approximately 25 grams. Thereafter, a direct information was filed charging defendant with criminal possession of dangerous drugs, a felony, in violation of section 45-9-102(1), MCA. The facts constituting the offense were stated in the information as follows:

> ". . .that on or about the 4th day of July, 1981, at the County of Lewis and Clark, State of Montana, the above-named defendant committed the offense of CRIMINAL POSSESSION OF DANGEROUS DRUGS, a felony, in that he did have under his control and possession certain narcotic drugs as defined in the Montana Dangerous Drug Act, to-wit: hashish (more than 1 gram);. . ."

Arraignment was continued until the results of laboratory tests were received. Defendant subsequently entered a plea of "not guilty" and moved to dismiss the information "on the grounds that it [was] defective on its face in that it purport[ed] to charge a crime of possession of the dangerous drug 'hashish,' said drug not being a controlled substance under the Dangerous Drug Act."

The laboratory analysis of the confiscated drug was brought to the attention of the District Court by the following statement in the State's brief in response to defendant's motion to dismiss:

> "Microscopic examination of the sample, Lab # OQ33-071781, was positive for marihuana in the form of hashish. Analysis of this material by this layer chromatography was also positive for the presence of tetrahydrocannabinol, the controlled substance in marihuana, and other cannabinoids which are found in marihuana."

Without admitting its authenticity or waiving any objection thereto, defendant's reply brief acknowledged the contents of the lab report.

After extensive briefing but without an evidentiary hearing, the District Court dismissed the information. The State appeals.

Three questions, framed and answered by the District Court in its decision, are raised on appeal:

(1) Is hashish a controlled substance under the Montana Dangerous Drug Act?

(2) Is possession of more than one and less than sixty grams of hashish punishable as a felony offense?

(3) Does an information charging possession of hashish, without mention of marijuana, state a crime?

Issues one and two are provocative but their resolution is not critical to disposition of this case. The third controls the outcome of the appeal.

Defendant was charged with violating section 45-9-102(1), MCA, because he allegedly had more than one gram of hashish in his possession. Criminal possession of dangerous drugs is committed if a person possesses any dangerous drug as defined in section 50-32-101, MCA. Subsection six of that statute defines "dangerous drug" as "a drug, substance, or immediate precursor in Schedules I through V. . ." Hashish is not defined or listed under any of the prescribed schedules. Without more, we do not find the facts as alleged sufficient to state a crime under Montana law.

That "the particular acts constituting [a] crime [be stated], is more than a technicality; it is fundamental, and a substantial variance between the crime charged and the facts stated, or the omission of either, is fatal." 42 C.J.S. Indictments and Informations, §111 at 992.

The State contends that such an oversight is of no consequence; its position is based upon two assertions both legally flawed.

First the State argues that hashish, being "a material, compound, mixture, or preparation which contains any quantity of. . .marijuana. . .[or] tetrahydrocannabinols. . .", is a Schedule I drug the possession of which is proscribed. Sections 45-9-102(1), 50-32-222(3), MCA. While the argument is plausible and may eventually raise a question of proof, it does not obscure the defect in the information.

The information does not allege possession of marijuana or tetrahydrocannabinols in the form of hashish; it merely alleges possession of hashish, pure and simple. Such an omission is fatal. See, e.g., State v. Bishop (1974), 215 Kan. 481, 524 P.2d 712. This defect cannot be cured by reference to an affidavit filed in support of the information, cf. State v. Dunn (1970), 155 Mont. 319, 472 P.2d 288; nor will the contents of an untimely lab report suffice to provide the missing link between the statutory offense charged and the facts alleged in the information. Without an allegation equating possession of hashish to possession of either marijuana or tetrahydrocannabinols, the information simply does not charge a criminal offense.

The second argument proffered by the State relates to the fact that Montana law specifically provides a different penalty for possession of hashish. The State contends that because the legislature made a reference to hashish in its penalty provisions, possession of hashish is adequately defined as a crime under Montana law.

The State is wrong. The necessary elements of a statutory offense cannot be supplied by the penalty section of a statute. State v. Loudermilk (1976), 221 Kan. 157, 557

-4-

P.2d 1229, 1232, as cited by this Court in State v. Nelson (1978), 178 Mont. 280, 583 P.2d 435.  Section 45-9-102(2), MCA, deals with sentencing, not definition of a separate offense.  Accord, State ex rel. McKenzie v. District Court (1974), 165 Mont. 54, 64, 525 P.2d 1211, 1217.  This Court will not indulge in inferences to create a crime that is neither adequately defined by law or charged by information. State v. Salina (1944), 116 Mont. 478, 482, 154 P.2d 484, 486.

Accordingly, we affirm.

_____
Chief Justice

We Concur:

_____

_____

_____

_____

_____
Justices

Mr. Justice Fred J. Weber dissents:

I respectfully dissent from the foregoing opinion of the Court.

The information in pertinent part stated:

> ". . .the above-named Defendant committed the offense of CRIMINAL POSSESSION OF DANGEROUS DRUGS - a felony as specified in Section 45-9-102(1), MCA.

> "The facts constituting the offense are: that on or about the 4th day of July, 1981, at the County of Lewis and Clark, State of Montana, the above-named defendant committed the offense of CRIMINAL POSSESSION OF DANGEROUS DRUGS, a felony, in that he did have under his control and possession certain narcotic drugs as defined in the Montana Dangerous Drug Act, to-wit: hashish (more than 1 gram); contrary to the form, force and effect of the statute in such case made and provided and against the peace and dignity of the State of Montana."

In substance the majority opinion holds that because the information does not allege possession of marijuana or tetrahydrocannabinols in the form of hashish, and instead alleges possession of hashish, the information is defective and the omission is fatal. This is a more technical standard of criminal pleading than we have required in other cases.

In State of Montana v. Emil Longneck (1981), _____ Mont. _____, 640 P.2d 436, 438, 38 St.Rep. 2160, 2162, the Court stated:

> ". . .The test to be applied in judging the sufficiency of an information is whether a person of common understanding would know what is intended to be charged. State v. Kirkland (1979), Mont., 602 P.2d 586, 590, 36 St.Rep. 1963, 1966. 'The general rule is that when the facts, acts and circumstances are set forth with sufficient certainty to constitute an offense, it is not a fatal defect that the complaint gives the offense an erroneous name.' State v. Schnell (1939), 107 Mont. 579, 88 P.2d 19, 22. . ."

The Court pointed out that the information in Longneck charged him with the crime of deliberate homicide. Under that charge, Longneck also could have been convicted of the

lesser included offense of aggravated assault. However, the Court pointed out that the proof showed two different assaults, and the assault of which he was convicted was not the assault which was included in the deliberate homicide. In other words, Longneck was found to have assaulted the deceased but was not found to have been the assailant in the fatal assault. The Court further stated:

> "Ideally, the information should have named, in addition to the deliberate homicide charge, a separate count of aggravated assault to cover the nonfatal, first assault; or, it should have charged the defendant with only the nonfatal, first assault. Despite this inaccuracy in naming the offense, the facts detailed in the information and in the motion for leave to file the information served to inform the defendant of what was intended to be charged and against what he was required to defend. He could not have been surprised or misled at trial." 640 P.2d at 439, 38 St.Rep. at 2163.

In the present case, the District Court, in its opinion, stated as follows:

> "Marijuana is defined in the Montana code as 'all plant material from the genus cannabis containing tetraohydrocannabinol [sic] (THC) or seeds of the genus capable of germination.' 50-32-101(16). According to Black's Law Dictionary (5th ed. West, 1979), hashish is a 'drug which is formed of resin scraped from the flowering top of the cannabis plant, as distinguished from marijuana which consists of the chopped leaves and stems of the cannabis plant.' Tetrahydrocannibinol [sic] (THC) is the principal psychoactive ingredient in cannabis drugs. (Jones, Hardin and Helen, Sensual Drugs, Cambridge University Press, 1977.) THC and marijuana are both listed in Schedule I. THC is a constituent of hashish, and hashish and marijuana are both derived from the cannabis plant. In this way, hashish is defined as a dangerous drug, the possession of which is made criminal under the act."

Applying the rationale of Longneck to the present case, I would hold that while ideally, the information should have charged that the defendant did have under his control and possession marijuana or tetrahydrocannabinols in the form of

hashish, the facts detailed in the information are sufficient to inform the defendant of the crime with which he was charged and against which he was required to defend. Today, a person of common understanding would readily comprehend a charge of the possession of hashish. The addition of the words marijuana in the form of hashish, or tetrahydrocannabinols in the form of hashish, would add very little, if anything, to the knowledge of the charge for a person of common understanding. The term "hashish" is widely known and understood in our present culture. I do not see how the defendant can seriously contend that he would have gained essential information for understanding the charge had it stated that the defendant was charged with tetrahydrocannabinols in the form of hashish. I do not see how the defendant could claim that the form of the information could have resulted in the surprise or misleading of the defendant at trial.

I would reverse the District Court.

Justice