*482 MR. CHIEF JUSTICE HASWELL
delivered the opinion of the Court.
This is an appeal by the State from the District Court’s dismissal of an information against defendant. We affirm.
During a patdown search in the course of booking defendant for another offense, a Lewis and Clark County jailer seized from defendant a “cocaine spoon” and a baggie of what appeared to the jailer to be hashish. The substance weighed approximately 25 grams. Thereafter, a direct information was filed charging defendant with criminal possession of dangerous drugs, a felony, in violation of section 45-9-102(1), MCA. The facts constituting the offense were stated in the information as follows:
“.. . that on or about the 4th day of July, 1981, at the County of Lewis and Clark, State of Montana, the above-named defendant committed the offense of CRIMINAL POSSESSION OF DANGEROUS DRUGS, a felony, in that he did have under his control and possession certain narcotic drugs as defined in the Montana Dangerous Drug Act, to-wit: hashish (more than 1 gram);. . .”
Arraignment was continued until the results of laboratory tests were received. Defendant subsequently entered a plea of “not guilty” and moved to dismiss the information “on the grounds that it [was] defective on its face in that it purported] to charge a crime of possession of the dangerous drug ‘hashish,’ said drug not being a controlled substance under the Dangerous Drug Act.”
The laboratory analysis of the confiscated drug was brought to the attention of the District Court by the following statement in the State’s brief in response to defendant’s motion to dismiss:
“Microscopic examination of the sample, Lab # OQ33-071781, was positive for marihuana in the form of hashish. Analysis of this material by this layer chromatography was also positive for the presence of tetrahydrocannabinol, the controlled substance in marihuana, and other cannabinoids which are found in marihuana.”
*483 Without admitting its authenticity or waiving any objection thereto, defendant’s reply brief acknowledged the contents of the lab report.
After extensive briefing but without an evidentiary hearing, the District Court dismissed the information. The State appeals.
Three questions, framed and answered by the District Court in its decision, are raised on appeal:
(1) Is hashish a controlled substance under the Montana Dangerous Drug Act?
(2) Is possession of more than one and less than sixty grams of hashish punishable as a felony offense?
(3) Does an information charging possession of hashish, without mention of marijuana, state a crime?
Issues one and two are provocative but their resolution is not critical to disposition of this case. The third controls the outcome of the appeal.
Defendant was charged with violating section 45-9-102(1), MCA, because he allegedly had more than one gram of hashish in his possession. Criminal possession of dangerous drugs is committed if a person possesses any dangerous drug as defined in section 50-32-101, MCA. Subsection six of that statute defines “dangerous drugs” as “a drug, substance, or immediate precursor in Schedules I through V . . .” Hashish is not defined or listed under any of the prescribed schedules. Without more, we do not find the facts as alleged sufficient to state a crime under Montana law.
That “the particular acts constituting [a] crime [be stated], is more than a technicality; it is fundamental, and a substantial variance between the crime- charged and the facts stated, or the omission of either, is fatal.” 42 C.J.S. Indictments and Informations, §111 at 992.
The State contends that such an oversight is of no consequence; its position is based upon two assertions, both legally flawed.
First the State argues that hashish, being “a material, compound, mixture, or preparation which contains any *484 quantity of . . . marijuana . . . [or] tetrahydrocannabinols . . is a Schedule I drug the possession of which is proscribed. Sections 45-9-102(1), 50-32-223(3), MCA. While the argument is plausible and may eventually raise a question of proof, it does not obscure the defect in the information.
The information does not allege possession of marijuana or tetrahydrocannabinols in the form of hashish; it merely alleges possession of hashish, pure and simple. Such an omission is fatal. See, e.g. State v. Bishop (1974), 215 Kan. 481, 524 P.2d 712. This defect cannot be cured by reference to an affidavit filed in support of the information, cf. State v. Dunn (1970), 155 Mont. 319, 472 P.2d 288; nor will the contents of an untimely lab report suffice to provide the missing link between the statutory offense charged and the facts alleged in the information. Without an allegation equating possession of hashish to possession of either marijuana or tetrahydrocannabinols, the information simply does not charge a criminal offense.
The second argument proffered by the State relates to the fact that Montana law specifically provides a different penalty for possession of hashish. The State contends that because the legislature made a reference to hashish in its penalty provisions, possession of hashish is adequately defined as a crime under Montana law.
The State is wrong. The necessary elements of a statutory offense cannot be supplied by the penalty section of a statute. State v. Loudermilk (1976), 221 Kan. 157, 557 P.2d 1229, 1232, as cited by this Court in State v. Nelson (1978), 178 Mont. 280, 583 P.2d 435. Section 45-9-102(2), MCA, deals with sentencing, not definition of a separate offense. Accord, State ex rel. McKenzie v. District Court (1974), 165 Mont. 54, 64, 525 P.2d 1211, 1217. This Court will not indulge in inferences to create a crime that is neither adequately defined by law or charged by information. State v. Salina (1944), 116 Mont. 478, 482, 154 P.2d 484, 486.
Accordingly, we affirm.
MR. JUSTICES DALY, HARRISON, SHEA, SHEEHY *485 and MORRISON, concur.