No. 00-389

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 150

---

STATE OF MONTANA,

Plaintiff and Respondent,

v.

DUANE STEDMAN,

Defendant and Appellant.

---

APPEAL FROM: District Court of the Fifth Judicial District,

In and for the County of Jefferson,

The Honorable Frank Davis, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Edmund F. Sheehy, Jr., Attorney at Law, Helena, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General;

John Paulson, Assistant Attorney General, Helena, Montana

Valerie D. Wilson, Jefferson County Attorney; Leonard J. Haxby,

Deputy County Attorney, Boulder, Montana

_____

Submitted on Briefs: January 18, 2001

Decided: August 9, 2001

Filed:

_____

Clerk

Justice Jim Regnier delivered the Opinion of the Court.

1. ¶Duane Stedman was found guilty of criminal mischief after a bench trial in the Fifth Judicial District Court, Jefferson County. Stedman appeals. We find one issue to be dispositive: Whether the District Court improperly relied on Stedman's Justice Court proceeding in his de novo District Court trial?

2. ¶We reverse.

## BACKGROUND

1. ¶On October 28, 1998, a complaint was filed by the Jefferson County Attorney in the Justice Court, Jefferson County, alleging that Duane Stedman committed the offense of criminal mischief in violation of § 45-6-101, MCA. The complaint alleged that Stedman damaged property belonging to William Gruber by removing two metal gate posts which were cemented into the ground, severing the gate from the posts, and dragging the gate away and hiding it. The gate had been installed by Gruber who owns property over which Stedman has an access easement.

2. ¶Gruber, along with Julie Dolan, owns a mining claim adjacent to another mining claim where Stedman and Nancy Larson reside. Stedman and Larson hold an access easement along a common road that passes over the Dolan/Gruber land. Discussions took place between the parties centering on the concern that trespassers were using the road to access land above the Stedman/Larson property. The possibility of erecting a gate was discussed. Gruber, believing that the parties were in agreement, installed gate posts. A few days later, Gruber attached a gate to the posts. When he returned the next morning, the gate posts had been removed and the gate was missing. Believing that Stedman may have been involved in the removal and destruction of the gate, Gruber reported the incident to the Jefferson County Sheriff's Office. Stedman was subsequently charged with criminal mischief for removing the gate.

3. ¶Stedman was tried in the Justice Court and found guilty. He then appealed for a trial de novo in the District Court. A bench trial was held on October 18, 1999. On the day of trial Stedman's counsel was present, but Stedman was not. The trial proceeded and Stedman was tried in absentia pursuant to § 46-16-122(2)(d), MCA.

4. ¶At the conclusion of the trial, the District Court found the defendant guilty. Stedman subsequently moved to set aside the verdict of guilty which was denied. The District Court, however, allowed Stedman to present evidence and the State to present rebuttal evidence at a supplemental hearing. On January 14, 2000, the

District Court issued its Findings and Opinion finding Stedman guilty of the misdemeanor offense of criminal mischief.

## DISCUSSION

1. ¶Stedman contends that the District Court abused its discretion when it considered matters occurring in the Justice Court during a trial de novo in the District Court. The State responds that the District Court merely noted the Justice Court actions in relation to procedural history, and that the District Court's ultimate determinations were based on its independent consideration of all the evidence. Whether a defendant has been provided his or her constitutional and statutory right to a trial de novo is a question of law. We review a district court's conclusion of law as to whether the court's interpretation of the law is correct. *Carbon County v. Union Reserve Coal Co.* (1995), 271 Mont. 459, 469, 898 P.2d 680, 686.

2. ¶The Montana Constitution provides that "[t]he district court shall hear appeals from inferior courts as trials anew unless otherwise provided by law." Article VII, Sec. 4 (2), Mont. Const. In addition, § 46-17-311(1), MCA, provides in relevant part that "[e]xcept for cases in which legal issues are preserved for appeal pursuant to 46-12-204, all cases on appeal from a justice's or city court must be tried anew in the district court . . . ." *See, e.g., State v. Kestler* (1987)*,* 228 Mont. 242, 245, 741 P.2d 791, 793 (holding that a district court does not have appellate jurisdiction to review a justice court order suppressing evidence but that the case must be tried de novo).

3. ¶A trial "de novo" means trying the matter anew, the same as if it had not been heard before and as if no decision had been previously rendered. *See, e.g., Farmingdale Supermarket, Inc., v. U. S.,* (D.N.J. 1971), 336 F. Supp. 534, 536*;* Blacks Law Dictionary 435 (6th ed. 1990). In its Findings and Opinion the District Court specifically referenced the Justice Court proceedings in several instances. First, the District Court noted that "[t]he Justice Court, following trial, found [Stedman] GUILTY of the offense. He immediately appealed for a trial *de novo*." Next, after discussion of Gruber's testimony relating to Stedman's comments about removing the gate, the District Court stated that "[i]n both the Justice of the Peace and this Court's view, that is exactly what he did. The evidence was credible." Finally, in relating that it found the defendant guilty of the charged offense, the District Court noted "[s]o said the Justice of the peace [sic], so says this Court." The references by the District Court to the findings and conclusions of the Justice Court strongly suggest that the District Court was influenced by the decision of the Justice Court, and based on said comments, we cannot conclude that the District Court was

not unduly influenced by the Justice Court proceedings. Thus, we conclude that Stedman was denied his constitutional and statutory right to a trial de novo in the District Court.

4. ¶ Reversed and remanded for a trial de novo.

/S/ JIM REGNIER

We Concur:

/S/ KARLA M. GRAY

/S/ W. WILLIAM LEAPHART

/S/ PATRICIA COTTER

/S/ TERRY N. TRIEWEILER