No. 05-327

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 275

STATE OF MONTANA,

        Plaintiff and Respondent,

  v.

ROBERT BENDERS,

        Defendant and Appellant.

APPEAL FROM:    The District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC-03-908,
Honorable Ingrid G. Gustafson, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        James M. Siegman, Public Defender's Office, Billings, Montana

        For Respondent:

        Honorable Mike McGrath, Attorney General; Jim Wheelis,
Assistant Attorney General, Helena, Montana

        Dennis Paxinos, County Attorney; Laura Watson, Deputy County
Attorney, Billings, Montana

Submitted on Briefs:  June 21, 2006

Decided:  October 24, 2006

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1     Defendant Robert Benders appeals the order of the Thirteenth Judicial District Court, Yellowstone County, denying his motion to suppress evidence relating to his DUI conviction.  We affirm.

¶2     We restate the issues as follows:

¶3     1. Did the District Court err in ruling that the arresting officer had particularized suspicion to conduct a stop, based on § 61-8-311(1), MCA, when Benders was driving well below the speed limit and there were four cars following in close succession?

¶4     2. Is § 61-8-311(1), MCA, unconstitutionally vague?

## BACKGROUND

¶5     On the morning of November 2, 2003, Yellowstone County Sheriff's Deputy Stephen McCollum observed Benders driving his vehicle between twenty-five and forty miles-per-hour on a road that had a fifty mile-per-hour speed limit.  Deputy McCollum further observed Benders continue at this reduced speed even after the speed limit had increased to seventy miles-per-hour.   While no vehicles were traveling in front of Benders, at least four vehicles were immediately behind him and additional vehicles were quickly approaching.   Deputy McCollum was concerned that the slow operation of Benders's vehicle was creating a dangerous situation.  Additionally, Deputy McCollum did not note or observe anything to indicate a need to drive at a significantly slower speed for safe vehicle operation.

¶6 Deputy McCollum observed Benders traveling at the reduced rate of speed for about a half a mile. Of this, Deputy McCollum spent at least a quarter mile following Benders in the seventy mile-per-hour speed zone. He then initiated a stop of the vehicle and advised Benders that he was being stopped for impeding traffic. Based upon his contact with Benders, the Deputy believed Benders was under the influence of alcohol or drugs.

¶7 Benders was subsequently charged with driving while under the influence of alcohol (felony), driving with a suspended license (misdemeanor), and failure to carry proof of liability insurance (misdemeanor).

¶8 Benders filed a motion to suppress all evidence relating to the initial stop. The District Court held a hearing on this motion and later denied the motion by written order. Benders subsequently entered a change of plea, pursuant to a plea agreement with a provision giving him the right to appeal the District Court's denial of his motion to suppress. The District Court issued a sentence and filed its written judgment on April 12, 2005. Benders timely appealed and the District Court stayed the sentence pending appeal.

## STANDARD OF REVIEW

¶9 We review a district court's denial of a motion to suppress evidence to determine whether the court's finding that the officer involved had a particularized suspicion to justify the investigatory stop was clearly erroneous. *State v. Britt*, 2005 MT 101, ¶ 7, 327 Mont. 1, ¶ 7, 111 P.3d 217, ¶ 7. Findings of fact are clearly erroneous if they are not

3

supported by substantial evidence, the district court misapprehended the effect of the evidence, or the record shows that the district court committed a mistake. *Britt*, ¶ 7. We review a district court's conclusions of law regarding a motion to suppress to determine whether the district court's interpretation of the law was correct. *State v. Farabee*, 2000 MT 265, ¶ 11, 302 Mont. 29, ¶ 11, 22 P.3d 175, ¶ 11.

## DISCUSSION

¶10 **Did the District Court err in ruling that the arresting officer had particularized suspicion to conduct a stop, based on § 61-8-311(1), MCA, when Benders was driving well below the speed limit and there were four cars following in close succession?**

¶11 Benders contends that the District Court erred when it denied his motion to suppress evidence because Deputy McCollum did not possess the necessary particularized suspicion to justify an investigative stop. A peace officer may stop a vehicle that is observed in circumstances that create particularized suspicion that the occupant of the vehicle has committed, is committing, or is about to commit an offense. Section 46-5-401, MCA. To determine whether such particularized suspicion exists, the State must show: (1) objective data from which an experienced officer could make certain inferences, and (2) a resulting suspicion that the occupant of the vehicle in question is or has been engaged in some wrongdoing. *Britt*, ¶ 8. Whether particularized suspicion exists is a question of fact dependent on the totality of the circumstances surrounding the investigative stop. *Britt*, ¶ 8. We evaluate the totality of the

4

circumstances by considering the quantity, or content, and quality, or degree of reliability, of the information available to the officer. *Britt*, ¶ 8.

¶12 The District Court found that Deputy McCollum, having over twenty-six years experience in law enforcement, had particularized suspicion to conclude that Benders was impeding the flow of traffic, a misdemeanor under § 61-8-311(1), MCA. The statute states:

> A person may not drive a motor vehicle at a speed slow enough to impede or block the normal and reasonable movement of traffic except when reduced speed is necessary for safe operation or in compliance with law.

Section 61-8-311(1), MCA.

¶13 It is undisputed that Deputy McCollum observed Benders operating his vehicle thirty to forty-five miles-per-hour below the posted speed limit. As many as four vehicles were following immediately behind him with additional vehicles quickly approaching. There were no adverse road or weather conditions that would justify Benders's slow speed. Further, there were several areas along the road where Benders had the opportunity to pull over and let the trailing vehicles pass. The combination of the slow speed of Benders's vehicle and the buildup of traffic provided the deputy with sufficient information, under the totality of the circumstances, to establish particularized suspicion that Benders was violating the law against impeding traffic.

¶14 Benders argues that that State failed to establish the minimum speed required under § 61-8-311(1), MCA, and thus failed to show that Benders's speed was slow enough to violate Montana law. However, such a showing is not required. The statute

5

gives law enforcement the discretion to determine when "a speed [is] slow enough to impede or block the normal and reasonable movement of traffic . . . ." Section 61-8-311(1), MCA. Therefore the relevant determination is not the speed of the vehicle per se, but the effect of the slow speed upon the flow of traffic. Here, the four vehicles following closely behind Benders, along with the other approaching vehicles, provided the deputy with sufficient objective data to determine that Benders's slow speed was impeding the flow of traffic.

¶15 Benders further claims that a violation under § 61-8-311(1), MCA, requires a showing that the defendant had created "unsafe driving conditions" and an increased risk of an accident. He argues that the State failed to show any unsafe conditions because there is no evidence that any of the vehicles following Benders had attempted to pass him in an unsafe manner. Once again, such a showing is not required under the statute. The purpose of the statute is to prevent perceived dangers. Thus it would be entirely inappropriate to conclude, as Benders suggests, that law enforcement must wait for another driver to attempt a dangerous pass around the slow moving vehicle prior to concluding the law was being violated. As we determined above, the fact that Benders was driving well below the posted speed limit and had numerous vehicles piled-up behind him created a particularized suspicion that Benders was impeding traffic under § 61-8-311(1), MCA.

¶16 Finally, Benders contends that Deputy McCollum, the arresting officer, committed a mistake of law during the stop, because the deputy testified that he pulled Benders over

6

for a violation of § 61-8-311(2), MCA, but issued him a warning ticket for subsection -311(1). Section 61-8-311(2), MCA, requires that a slow-moving vehicle with four cars or more behind it pull off at the nearest safe turnout. The deputy's mistake, if any, is not legally significant, because "an erroneous statutory reference will not invalidate a charge." *State v. Romero*, 279 Mont. 58, 78, 926 P.2d 717, 729 (1996) (citations omitted). Additionally, we fail to see how a stop effectuated under the rationale of one statute, and charged as another, equally applicable statute, is of any consequence when, as here, the officer had developed particularized suspicion sufficient for a stop under either statute. Lastly, the deputy did not technically charge Benders under either statute, since he only issued a warning for Benders's violation of § 61-8-311(1), MCA.

¶17 **Is § 61-8-311(1), MCA, unconstitutionally vague?**

¶18 Benders next argues that § 61-8-311(1), MCA, is unconstitutionally vague. However, he failed to raise this argument at the District Court. The failure to make a timely objection during trial constitutes a waiver of the objection on appeal unless certain statutory circumstances exist. Section 46-20-701(2), MCA.

¶19 Under § 46-20-701(2)(c), MCA, a claim or error may be noticed on appeal if the alleged error was prejudicial as to the convicted person's guilt or punishment and the "material and controlling facts upon which the claim is predicated were not known to the convicted person or to the convicted person's attorney and could not have been ascertained by the exercise of reasonable diligence." Benders argues that material and controlling facts came to light during the suppression hearing; specifically that Deputy

7

McCollum was unaware of any minimum speed limit in Montana. However, Benders's claim that § 61-8-311(1), MCA, is vague on its face is not contingent upon factual testimony but is a strictly legal question that would have been apparent to Benders upon learning that § 61-8-311(1), MCA, was relevant to this case. We therefore conclude that none of the § 46-20-701(2), MCA, circumstances are applicable to Benders's constitutional claim.

¶20 In the alternative, Benders asks us to address his constitutional claim under the common law doctrine of plain error review. This Court may discretionally review claimed errors that implicate a criminal defendant's fundamental constitutional rights, even if no contemporaneous objection is made and notwithstanding the inapplicability of the § 46-20-701(2), MCA, criteria, where failing to review the claimed error at issue may result in a manifest miscarriage of justice, may leave unsettled the question of the fundamental fairness of the trial or proceedings, or may compromise the integrity of the judicial process. *State v. Daniels*, 2003 MT 247, ¶ 20, 317 Mont. 331, ¶ 20, 77 P.3d 224, ¶ 20 (citing *State v. Finely*, 276 Mont. 126, 137, 915 P.2d 208, 215 (1996)).

¶21 Benders argues it is fundamentally unfair to hold him accountable for violating § 61-8-311(1), MCA, when there was no finding that he had violated a minimum speed limit. As we discussed above, however, the statute does not require a determination as to the minimum speed allowable, but rather prohibits driving at a speed slow enough to impede the normal movement of traffic. Benders thus fails to demonstrate that the language of § 61-8-311(1), MCA, is vague, much less that it amounts to a fundamental

unfairness resulting in plain error. Accordingly, Benders does not meet the narrow criteria required and we decline to invoke our discretionary plain error review.

¶22    Affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ PATRICIA COTTER
/S/ JIM RICE