DA 07-0647

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 324N

STATE OF MONTANA,

      Plaintiff and Appellee,

v.

NEAL FREDRICK LIGHTLE,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Mineral, Cause No. DV 2007-024
Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Neal F. Lightle (Self-Represented), Felt, Idaho

      For Appellee:

          The Hon. Mike McGrath, Montana Attorney General, Jonathan M. Krauss,
Assistant Attorney General, Helena, Montana

          M. Shaun Donovan, Mineral County Attorney, Superior, Montana

Submitted on Briefs:  September 3, 2008

Decided:  September 16, 2008

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 This is an appeal by Neal Fredrick Lightle, a self-represented litigant, from his conviction in the Fourth Judicial District Court, Mineral County, on seven misdemeanor counts of affirming to or making false statements to obtain resident conservation and fishing and/or hunting privileges in violation of § 87-2-106(6), MCA. We affirm.

¶3 Lightle was originally charged in Mineral County Justice Court and was found guilty of all seven counts. He appealed for a trial de novo in the District Court and was again charged by Amended Complaint with seven counts of violating § 87-2-106(6), MCA. The charges were alleged to have occurred on May 23, 2005, October 30, 2005, and August 28, 2006, in that Lightle "unlawfully subscribed to or made a materially false statement claiming to be a Montana resident on an application for a Montana resident [conservation, fishing, or hunting] license." Lightle moved the District Court to dismiss the charges and then to change venue. His motions were briefed and denied by the District Court.

¶4 The record on appeal contains no transcript of Lightle's trial de novo in the District Court, and only the court's minutes of the trial. The District Court jury returned

2

a verdict of guilty on all counts and the District Court sentenced Lightle to pay fines, surcharges and costs in the amount of $6,457.48. The court also suspended his privileges to hunt, fish, trap, or recreate on State lands for thirty-six months and required him to surrender any Montana fishing, hunting, trapping, or conservation licenses in his possession. Lightle appeals his judgment, challenging the District Court's denial of his motion to dismiss and his motion for change of venue.

¶5      At the outset, we note that while Lightle's Notice of Appeal represents that all transcripts of the proceedings in this cause have been ordered, there are no transcripts on file with the Clerk of this Court, nor are there any requests for transcripts contained in the District Court file. Without these transcripts, Lightle has compromised this Court's ability to rule upon the issues raised. *See* M. R. App. P. 8(2). To the extent that Lightle presents an insufficient record on appeal, we will presume the District Court's decision is correct and that Lightle has failed in his burden to establish error. *See State v. Buck*, 2006 MT 81, ¶ 30, 331 Mont. 517, ¶ 30, 134 P.3d 53, ¶ 30 (citing *State v. Aakre*, 2002 MT 101, ¶ 43, 309 Mont. 403, ¶ 43, 46 P.3d 648, ¶ 43).

¶6      As to the issues on appeal, Lightle argues that the District Court erred in allowing the State to amend its complaint in the District Court. In the Justice Court proceedings, Lightle had argued that the charges should be dismissed because the charging documents cited to the penalty section of the offense with which he was charged, i.e., § 87-2-106(8), MCA, instead of to the substantive section containing the elements—§ 87-2-106(6), MCA. In the District Court, Lightle again raised this same argument. In response, the prosecutor moved to amend the charging documents to cite the substantive/elements

3

section of § 87-2-106, MCA, and the court granted the State's motion. Lightle maintains that the court erred in doing so. We reject this argument.

¶7 An erroneous statutory reference in a complaint will not invalidate the charges. *State v. Benders*, 2006 MT 275, ¶ 16, 334 Mont. 231, ¶ 16, 146 P.3d 751, ¶ 16; *State v. Romero*, 279 Mont. 58, 78, 926 P.2d 717, 729 (1996); *State v. Collins*, 226 Mont. 188, 191, 734 P.2d 686, 688-89 (1987); *State v. Handy*, 221 Mont. 365, 368, 719 P.2d 766, 768 (1986). This is true even where, as in this case, the complaint originally cited to the penalty statutes rather than to the substantive statutes. *Romero*, 279 Mont. at 78, 926 P.2d at 729-30. Lightle's citation to *State v. Kelman*, 199 Mont. 481, 484, 649 P.2d 1292, 1294 (1982) is inapposite because here, § 87-2-106(8), MCA, was not used to "supply" the elements of the offense as in *Kelman*. Rather, the elements of the offense are clearly alleged in the original complaint. The court did not abuse its discretion in allowing the State to amend the charging documents. *State v. Wilson,* 2007 MT 327, ¶ 19, 340 Mont. 191, ¶ 19, 172 P.3d 1264, ¶ 19.

¶8 Similarly, we also reject Lightle's argument that the District Court erred in allowing the State to amend the complaint in District Court in violation of § 46-11-205(3), MCA. This statute allows amendments to charging documents before a verdict or finding is issued. Lightle argues that because a verdict of guilty was issued against him in Justice Court, the District Court was prohibited from permitting the State to amend the charges under this statute. Again, we reject Lightle's argument. With few exceptions, a defendant's exclusive remedy from a conviction in justice court is an appeal to the District Court for a trial de novo. *State v. McKee*, 1998 MT 110, ¶ 18, 288 Mont.

4

454, ¶ 18, 958 P.2d 700, ¶ 18. The result of such an appeal is to abrogate the justice court judgment and to clothe the district court with "the jurisdiction and power to try the defendant's case anew." *Town of White Sulphur Springs v. Voise*, 136 Mont. 1, 5-6, 343 P.2d 855, 857 (1959). "A trial 'de novo' means trying the matter anew, the same as if it had not been heard before and as if no decision had been previously rendered." *State v. Stedman*, 2001 MT 150, ¶ 9, 306 Mont. 65, ¶ 9, 30 P.3d 353, ¶ 9. Moreover, an appeal de novo "clothes [the district court] with the power to proceed, no matter what irregularities may have attended the trial in the justice's court." *Ex Parte Graye*, 36 Mont. 394, 401, 93 P. 266, 268 (1907).

¶9 Accordingly, once Lightle appealed to the District Court for a trial de novo, the entire proceeding began anew, just as if it had been originally brought in the District Court, and without any affect of any judgment of the Justice Court. Effectively, for purposes of § 46-11-205(3), MCA, there was no "verdict or finding" issued in the District Court and it was within that court's discretion to allow the State to file the Amended Complaint. *See Wilson*, ¶ 19.

¶10 As for Lightle's motion to change venue, we conclude simply that he presented insufficient evidence of inflammatory news reports or any factual prejudice that would have precluded a fair trial in Mineral County. The District Court did not abuse its discretion, therefore, in denying his motion for a change of venue. *State v. Pittman*, 2005 MT 70, ¶ 17, 326 Mont. 324, ¶ 17, 109 P.3d 237, ¶ 17; Section 46-13-203(1), MCA.

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 internal operating rules, as amended in 2003, which provides for memorandum

opinions. Having reviewed the record in this case, we determine that the District Court did not err in denying Lightle's motions to dismiss and for change of venue. It is manifest on the face of the briefs and the record before us that this appeal is without merit because the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted.

¶12    Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ JIM RICE