

DA 08-0344

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 208N

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

RONALD ALLEN CLARK,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC 08-146
Honorable Edward P. McLean, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

              Edmund F. Sheehy, Jr., Regional Deputy Public Defender, Missoula, Montana

       For Appellee:

              Hon. Steve Bullock, Montana Attorney General; Micheal S. Wellenstein, Assistant Attorney General, Helena, Montana

              Fred Van Valkenburg, Missoula County Attorney; Matt Lowy, Deputy County Attorney, Missoula, Montana

                 Submitted on Briefs: May 20, 2009

                       Decided: June 16, 2009

Filed:

_____
                        Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1	Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2	Appellant Ronald Allen Clark (Clark) appeals following his conviction for driving under the influence of alcohol. We affirm.

¶3	The State charged Clark in Missoula County Justice Court with driving under the influence of alcohol (DUI), a misdemeanor, in violation of § 61-8-401, MCA, and operating a motor vehicle without proof of liability insurance, a misdemeanor, in violation of § 61-6-302, MCA. A jury in the justice court found Clark guilty on both counts. The justice court sentenced Clark to 60 days in the Missoula County Detention Facility.

¶4	Clark filed a notice of appeal of his justice court conviction to the District Court. The District Court conducted a jury trial. Clark entered a guilty plea to operate a motor vehicle without proof of liability insurance before the trial in District Court. The District Court accepted his plea. The jury in the District Court also found Clark guilty of DUI.

¶5	The District Court conducted a sentencing hearing at which the State recommended a 30-day sentence, Clark's completion of the ACT program, and a $300 fine. The State and the District Court engaged in the following discussion regarding the State's sentencing recommendation in the justice court:

COUNSEL: Additionally, Judge, it is, also, consistent.

2

While the State recommended thirty days in a previous case, in the Justice Court, the Justice of the Peace imposed a sentence of sixty days' jail, the State is referring back to its original recommendation to this Court.

While this is an Appeals [sic] De Novo, that is not binding on the Court, the State believes that it is important for the Court to note, in light of the requirement of consistency.

Your Honor, I would refer this Court to -

COURT: The Justice Court imposed a sixty-day jail term?

COUNSEL: Yes, Your Honor. That was the original sentence.

The State recounted for the court Clark's extensive history of driving offenses. The District Court sentenced Clark to six months in jail, with all but thirty days suspended. The court also ordered Clark to pay a $300 fine and to complete the ACT program. In imposing his sentence, the court noted that "it might be one thing to feel like you're playing a game with the justice system, but it's a total other thing when you start putting people in the community at risk." Clark appeals.

¶6 Clark argues on appeal that the District Court violated his right to a trial de novo when it considered the proceedings in the justice court when imposing its sentence. Clark cites to the State's comments regarding the sentence that it had requested in justice court and the sentence imposed by the justice court. He further cites to the District Court's comment in imposing its sentence that Clark was "playing a game with the justice system" by appealing to the District Court.

3

¶7     The question of whether Clark has been provided his constitutional statutory right to a trial de novo presents a question of law. *State v. Stedman*, 2001 MT 150, ¶ 7, 306 Mont. 65, 30 P.3d 353. We review a district court's conclusions of law to determine whether they are correct. *Stedman*, ¶ 7. We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2003, that provide for memorandum opinions. It is manifest on the face of the briefs before us that the District Court correctly applied well settled Montana law to the facts of this case.

¶8     Affirmed.

/S/ BRIAN MORRIS

We Concur:

/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE