DA 12-0438

## IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2013 MT 138

DAVE McDUNN and CATHY McDUNN,

        Plaintiffs and Appellees,

    v.

DIANA ARNOLD,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DV 09-1235B
Honorable Mike Salvagni, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Herman A. Watson, III, Attorney at Law, Bozeman, Montana

        For Appellee:

        Rhett B. Nemelka, Nemelka & Restum, P.C., Bozeman, Montana

Submitted on Briefs:   February 20, 2013
Decided:   May 28, 2013

Filed:

_____
               Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Dave and Cathy McDunn (the McDunns) sued Diana Arnold (Arnold) in Gallatin County Justice Court, alleging negligence, negligence per se, and breach of contract. The Justice Court found for the McDunns, and Arnold appealed to the Eighteenth Judicial District Court, Gallatin County. Following a bench trial, the District Court found for the McDunns on their breach of contract claim and awarded them damages, costs, and attorney's fees. Arnold appeals from the Final Order and Judgment entered against her in District Court. We affirm.

¶2 Arnold presents the following issues for review:

¶3 *Issue One: Whether the District Court abused its discretion when it allowed the McDunns to amend their Complaint to add a claim that had not been pled during the Justice Court proceedings.*

¶4 *Issue Two: Whether the District Court abused its discretion when it denied Arnold's Motion in Limine to prohibit any reference to the testimony and evidence presented during the Justice Court proceedings.*

¶5 *Issue Three: Whether Arnold was denied her right to a trial de novo.*

## PROCEDURAL AND FACTUAL BACKGROUND

¶6 In the spring of 2008, the McDunns agreed to lease an apartment from Arnold for thirteen months beginning on June 1, 2008. Before the lease term expired, a dispute arose between the parties, and the McDunns vacated the apartment on January 31, 2009.

¶7 The McDunns filed a complaint against Arnold in the Gallatin County Justice Court,

2

which is not a court-of-record, on August 3, 2009. The McDunns, alleging breach of the terms of the lease, negligence, and negligence per se, sought $1,300 in damages. The Justice Court conducted a bench trial on November 19, 2009. The McDunns were represented by counsel; Arnold represented herself. After the trial, the Justice Court entered a written judgment in the McDunns' favor, and awarded them $7,059.26 for damages, costs, and attorney's fees.

¶8 Arnold appealed to the District Court on December 22, 2009, seeking a trial de novo. Through newly enlisted counsel, Arnold filed an Amended Answer and Counterclaims on April 8, 2010, in which, among other things, she added counterclaims that she had not pled during the Justice Court proceedings. On April 9, 2010, the McDunns filed a motion seeking leave to amend their complaint. After the court granted their motion, the McDunns filed an Amended Complaint that added a claim for intentional and negligent misrepresentation.

¶9 Arnold filed a Motion in Limine on October 21, 2011, to prohibit any reference to the testimony given or evidence offered during the Justice Court trial. Arnold claimed that she would be denied her right to a trial de novo if the McDunns were allowed to refer to the prior proceedings. The District Court held that Arnold had not cited any authority to support her argument and denied her motion on November 29, 2011. The District Court conducted a two-day bench trial on February 28 and 29, 2012. The District Court issued Findings of Fact and Conclusions of Law on May 21, 2012. The court ruled in the McDunns' favor on their Breach of Lease claim, but it found that they had failed to prove their negligence, negligence per se, and intentional and negligent misrepresentation claims. The court ruled against

3

Arnold on all of her counterclaims. The District Court awarded the McDunns $1,444.66 in damages and $20,697 for attorney's fees and costs.

## STANDARD OF REVIEW

¶10 Whether a party has been afforded his or her constitutional and statutory right to a trial de novo is a question of law that we review for correctness. *State v. Stedman*, 2001 MT 150, ¶ 7, 306 Mont. 65, 30 P.3d 353. We review a district court's decision to allow amended pleadings for an abuse of discretion. *Porter v. Galarneau*, 275 Mont. 174, 188, 911 P.2d 1143, 1151-52 (1996). A district court's ruling on a motion in limine is an evidentiary ruling that we also review for an abuse of discretion. *Alexander v. Bozeman Motors, Inc.*, 2012 MT 301, ¶ 22, 367 Mont. 401, 291 P.3d 1120. We review a district court's findings of fact to determine if they are clearly erroneous, and its conclusions of law to determine if they are correct. *Summers v. Crestview Apts.,* 2010 MT 164, ¶ 11, 357 Mont. 123, 236 P.3d 586.

## DISCUSSION

¶11 *Issue One: Whether the District Court abused its discretion when it allowed the McDunns to amend their Complaint to add a claim that had not been pled during the Justice Court proceedings.*

¶12 Arnold argues that the District Court abused its discretion when it allowed the McDunns to amend their Complaint to add a claim that had not been pled during the Justice Court proceedings. District courts have appellate jurisdiction over justice courts. Mont. Const. art. VII, § 4(2); § 3-5-303, MCA. If a party appeals from a justice court that is not a court of record, then the district court must try the case de novo. Section 25-33-301(1),

4

MCA.[1]  "When the action is tried anew on appeal, the trial must be conducted in all respects as other trials in the district court. . . ." Section 25-33-301(2), MCA.

¶13    The district court proceedings "must be tried anew in the district court on the papers filed in the justice's or city court unless the court, for good cause shown and on terms that are just, allows other or amended pleadings to be filed in the action." Section 25-33-301(1), MCA.  Good cause is a "legally sufficient reason," and what constitutes good cause "will necessarily depend upon the totality of the facts and circumstances of a particular case." *City of Helena v. Roan*, 2010 MT 29, ¶ 13, 355 Mont. 172, 226 P.3d 601.

¶14    Here, the District Court had the discretion to allow Arnold to file her Amended Answer and Counterclaims on April 8, 2010.  In her Amended Answer, Arnold added counterclaims that she had not pled during the Justice Court proceedings.  The next day, the McDunns filed a motion seeking leave to amend their Complaint, also a matter within the court's discretion.  Arnold failed to file an answer brief within ten days, so, according to Mont. Unif. Dist. Ct. R. 2(b), the District Court deemed the McDunns' motion as "well taken" and granted them leave to file an Amended Complaint.  While the District Court did not specifically address whether the McDunns had good cause to amend as required by § 25-33-301(1), MCA, we will not hold a district court in error for failing to address an issue that the parties did not raise.  *Unified Indus., Inc. v. Easley*, 1998 MT 145, ¶ 15, 289 Mont. 255, 961 P.2d 100.

---

[1] An appeal from a lower court that is a court-of-record is conducted on the record.  Section 25-33-301(3), MCA.

¶15    *Issue Two: Whether the District Court abused its discretion when it denied Arnold's Motion in Limine to prohibit any reference to the testimony and evidence presented during the Justice Court proceedings.*

¶16    Arnold argues that the District Court abused its discretion when it denied her Motion in Limine to prohibit any reference to the evidence offered or testimony given during the Justice Court proceeding. She contends that references to testimony from a court that is not a court-of-record are impermissible hearsay. Arnold failed to make that argument to the District Court, however, either in her Motion in Limine or during the trial. In her Motion in Limine, Arnold argued that she would be denied her right to a trial de novo and that § 25-33-301, MCA, prohibited the use of testimony and evidence from being used in the trial de novo.

¶17    Nothing in the provisions of § 25-33-301, MCA, precludes use of prior testimony. In fact, the statute specifically provides that "the trial must be conducted in all respects as other trials in the district court." Section 25-33-301(2), MCA. When interpreting a statute, our task is to "ascertain and declare what is in its term or in substance contained therein, not to insert what has been omitted or to omit what has been inserted." Section 1-2-101, MCA.

¶18    Arnold did not cite any authority in her Motion in Limine to support her argument that all references to the Justice Court hearings should be prohibited. Arnold cited cases and statutes that establish that cases on appeal from a justice court must be tried de novo, but she did not cite authority regarding the admissibility of references to testimony from the lower-court proceedings. Out-of-court statements may be admissible under the hearsay rules. For example, as an exception to the hearsay rule when a declarant is unavailable, M. R. Evid.

6

804(b)(1) allows, under certain conditions, the admission of former testimony in prior proceedings. *See State v. Hall*, 1999 MT 297, ¶ 35, 297 Mont. 111, 991 P.2d 929. Further, under M. R. Evid. 801, prior statements of witnesses, admissions of party-opponents, and statements that are not offered to prove the truth of the matter asserted are, by definition, not hearsay and thus not precluded by M. R. Evid. 802. *See State v. Baker*, 2013 MT 113, ¶ 29, 370 Mont. 43, __ P.3d __ (prior inconsistent statements of witness are not hearsay); *Riggs v. State*, 2011 MT 239, ¶ 58, 362 Mont. 140, 264 P.3d 693 (admissions by party-opponents are not hearsay); *Sullivan v. Contl. Constr. of Mont., LLC*, 2013 MT 106, ¶ 32, 370 Mont. 8, 299 P.3d 832 (statements offered for a reason other than to prove the truth of the statement are not hearsay). A witness who testified under oath cannot pretend that her testimony was never given, even if no record was taken. A district court should treat testimony given during a justice court proceeding the same as any other statement that has not been recorded or transcribed. The District Court did not err by denying Arnold's Motion in Limine and instead ruling on the admissibility of the references as they were made at trial.

¶19     *Issue Three: Whether Arnold was denied her right to a trial de novo.*

¶20     As previously discussed, the District Court did not err by letting the McDunns file an Amended Complaint or by denying Arnold's Motion in Limine. Nevertheless, Arnold argues that the McDunns' Amended Complaint and references to the lower-court testimony tainted the District Court proceedings and effectively denied her the right to a trial de novo. Arnold contends that the lower-court proceedings permeated and prejudiced her entire case and that the prejudice is evident in the District court's Findings of Fact and Conclusions of Law.

7

¶21 Arnold analogizes her case to *State v. Stedman*. In *Stedman*, the defendant was convicted of Criminal Mischief in Justice Court. He appealed to the District Court for a trial de novo and was again found guilty. In its Findings and Opinion, the District Court specifically acknowledged that the Justice Court had found Stedman guilty. Additionally, the District Court noted that a particular witness who testified against Stedman was credible, "in both the Justice of the Peace and this Court's view." Further, while announcing that it had found Stedman guilty, the District Court proclaimed, "so said the Justice of the [P]eace, so says this Court." *Stedman*, ¶ 9.

¶22 We concluded that the District Court's references to the Justice Court's findings and conclusions strongly suggested that the District Court was influenced by the Justice Court's decision. We held that, "[a] trial 'de novo' means trying the matter anew, the same as if it had not been heard before and as if no decision had been previously rendered." *Stedman*, ¶ 9. Because we could not conclude that the District Court had not been unduly influenced by the Justice Court proceedings, we held that Stedman had been denied his right to a trial de novo. *Stedman*, ¶ 9.

¶23 Here, like in *Stedman*, the District Court specifically referenced the Justice Court proceedings in its Findings of Facts and Conclusions of Law. Unlike in *Stedman*, however, those references do not suggest that the District Court was unduly influenced by the Justice Court proceedings. The District Court's references to the prior proceedings were made in the context of discussing whether Arnold had made a false representation and whether Arnold had breached the terms of the lease. The court found credible the McDunns' evidence that Arnold had misrepresented which version of the lease was the original during the Justice

Court proceedings. The District Court nevertheless correctly held that the McDunns had failed to prove their misrepresentation claim because they had not relied on Arnold's misrepresentation when they entered into the agreement. The court's other references to the Justice Court proceedings were made while discussing which version of the lease was enforceable and which terms were operable. The District Court's references to the prior proceedings related directly to disputed facts and claims and do not suggest that the court was influenced by the Justice Court's decision.

¶24 For the reasons stated above, the decision of the District Court is affirmed.


/S/ MIKE McGRATH

We concur:

/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ BRIAN MORRIS